358 So.2d 609 (1978)
Samuel AVERHEART, Appellant,
v.
STATE of Florida, Appellee.
No. GG-202.
District Court of Appeal of Florida, First District.
May 16, 1978.
Michael J. Minerva, Public Defender, and Margaret Good, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Charles W. Musgrove, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant appeals a jury conviction of burglary of a dwelling. He urges that the sentence imposed thereon of life imprisonment is excessive.
Count II of the information alleged in pertinent part that:
"Samuel Averheart, ... did unlawfully enter remain (sic) in a certain dwelling, located at 20 North Reus Street ... the property of Pearl Bartlett as owner or custodian thereof, with the intent to commit an offense therein, to wit: Sexual Battery, contrary to Section 810.02(3), Florida Statutes."
Count I of the information alleged that appellant on the same date committed sexual battery upon Pearl Bartlett and that in the course thereof, he used or threatened to *610 use a deadly weapon or he used actual physical force likely to cause serious personal injury, contrary to Section 794.011(3), Florida Statutes (1975). Appellant does not challenge the judgment and sentence imposed on this count.
Section 810.02, Florida Statutes (1975), provides in part:
"(1) `Burglary' means entering or remaining in a structure or a conveyance with the intent to commit an offense therein, ... .
(2) Burglary is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in § 775.082, § 775.083, or § 775.084, if, in the course of committing the offense, the offender:
(a) Makes an assault upon any person.
(b) Is armed, or arms himself within such structure, with explosives or a dangerous weapon.
(3) If the offender does not make an assault or is not armed, or does not arm himself, with a dangerous weapon or explosive as aforesaid during the course of committing the offense and the structure entered is a dwelling or there is a human being in the structure or conveyance at the time the offender entered or remained in the structure or conveyance, the burglary is a felony of the second degree, punishable as provided in § 775.082, § 775.083, or § 775.084. Otherwise, burglary is a felony of the third degree punishable as provided in § 775.082, § 775.083, or § 775.084."
Count II of the information herein charged appellant with burglary of a dwelling under Section 810.02(3), a second degree felony. It contained no allegations of the aggravating circumstances set forth in Sections 810.02(2)(a) or 810.02(2)(b). The allegation that an assault occurred in the course of the commission of the burglary may not be inferred from other counts of the information. Under Section 810.02(3) which is applicable herein, appellant could be sentenced to no more than fifteen years imprisonment. Accordingly, the judgment of conviction is affirmed. The sentence imposed for Count II, burglary of a dwelling is set aside and the cause is remanded to the trial court for sentencing as provided by Section 810.02(3).
MILLS, Acting C.J., and ERVIN and MELVIN, JJ., concur.