PER CURIAM.
The appellant was arrested inside a townhouse and was charged with burglary of a dwelling and grand theft, second degree. He ultimately pleaded guilty to the charges and was placed on probation for two years, with a condition thereof that he serve six months in the County jail. Upon being released from jail, some time during the probationary period he violated the terms of probation. An affidavit of violation of probation was filed; hearing was held thereon and the trial court found the appellant violated his probation. Thereupon, the trial court sentenced the appellant to seven years in the State penitentiary on the charge of burglary of a dwelling and suspended sentence on the grand theft charge.
On appeal, the appellant contends that the entire factual basis for acceptance of the guilty plea shows that the appellant broke into the townhouse of one Katherine Flynn; that, at the time of the burglary, the dwelling was unoccupied and the plea therefore was to a third degree felony. Maximum punishment for a third degree felony is five years (Section 775.082(3)(d), Florida Statutes) and, therefore, the trial court’s sentence to seven years in the State penitentiary is an illegal sentence.
The appellant’s point is totally without merit. He was charged with burglary of a dwelling and the factual basis of the plea supports this charge. Pursuant to Section 810.02(3), Florida Statutes (1977), burglary of a dwelling is a felony of the second degree punishment by a term of imprisonment not exceeding fifteen years. See: Section 775.082(3)(c), Florida Statutes (1977). Therefore, the sentence entered by the trial court is a legal sentence and not subject to reversal. Averheart v. State, 358 So.2d 609 (Fla. 1st DCA 1978).
Affirmed.