425 So.2d 664 (1983)
James Manford PECK, Appellant,
v.
STATE of Florida, Appellee.
No. 82-279.
District Court of Appeal of Florida, Second District.
January 26, 1983.
Jerry Hill, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Judge.
The state charged James Manford Peck in a two-count information with 1) kidnapping (of six persons), in violation of section 787.01, Florida Statutes (1981), and 2) robbery with a firearm (of one of the six persons), in violation of section 812.13, Florida Statutes (1981).
After a bench trial, the court orally adjudged appellant guilty as charged and orally sentenced him "for a term of 20 years on kidnapping, and 20 years on the robbery with a weapon, with a minimum of three years mandatory." Thereafter, it rendered a written order convicting him of both crimes and sentencing him to concurrent terms of imprisonment of 20 years with *665 three-year mandatory minimums. Further, its order required him to pay $102 in court costs and $10 to the Crimes Compensation Fund.
Appellant argues that the trial court erred in sentencing him in the written order to a three-year mandatory minimum on the kidnapping conviction. Also, he contends that the court erred in imposing court costs and in requiring him to make payments to the Crimes Compensation Fund. We agree with both assertions.
In order for a three-year mandatory minimum to apply on a conviction pursuant to section 775.087(2), the state must allege in the information and prove at trial that the defendant possessed a "firearm" or "destructive device" during the commission of the crime. See Lawson v. State, 400 So.2d 1053 (Fla. 2d DCA 1981). Here, the information did not charge appellant with possession of a firearm during the commission of the kidnapping and the trial court did not so find. Thus, we remand with directions to strike from the order the three-year mandatory minimum on the kidnapping, conviction.[1]
The trial court adjudged appellant indigent prior to trial and appointed the public defender to represent him. Therefore, we further instruct the court, on remand, to strike the portion of the order requiring him to pay $102 in court costs and $10 to the Crimes Compensation Fund. Engle v. State, 407 So.2d 641 (Fla. 2d DCA 1981).
Accordingly, we affirm the convictions and the robbery sentence but remand for correction of the kidnapping sentence and for deletion of the costs.
OTT, C.J., and SCHEB, J., concur.
NOTES
[1] We note that these directions may actually comport with the court's oral pronouncements at the sentencing hearing. See Benefield v. State, 351 So.2d 56 (Fla. 2d DCA 1976).