HURLEY, Judge.
Four co-defendants filed motions for disclosure of the identity of a confidential informant. At the motion hearing, the state conceded that it could not prosecute one of the co-defendants without calling the confidential informant as a witness and, therefore, the state did not oppose disclosure to that single defendant. At the conclusion of the hearing, the trial court granted each defendant’s motion. Now, by petition for writ of certiorari, the state asks us to hold that the trial court departed from the essential requirements of law by requiring disclosure to all four co-defendants. We decline to issue the writ.
It is elemental that once an informant’s identity is disclosed, the privilege of non-disclosure is no longer applicable. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); Pena v. State, 432 So.2d 715 (Fla. 3d DCA 1983); Garcia v. State, 379 So.2d 441 (Fla. 3d DCA 1980). Given the present posture of the case in which the state has agreed that at least one of four co-defendants is entitled to disclosure, we cannot hold that the trial court’s action constitutes a departure from the essential requirements of law. Our decision, however, should not be construed as approving the sufficiency of the allegations in the motions filed by the three co-defendants.
PETITION DENIED.
LETTS and HERSEY, JJ., concur.