445 So.2d 398 (1984)
Richard Allen COCHENET, Appellant,
v.
STATE of Florida, Appellee.
No. 83-162.
District Court of Appeal of Florida, Fifth District.
February 16, 1984.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The appellant, Richard Allen Cochenet was convicted of each count in a three-count information: count one for burglary of a dwelling with intent to commit aggravated assault; count two for aggravated assault of Karl Graf; and count three for aggravated assault of Kathleen Hunt. He raises three points on appeal. We find no merit in points two and three relating to the trial court's denial of a motion for mistrial and the exclusion of proffered testimony regarding the prior use of drugs by one of the assault victims. The first point on appeal, however, compels reversal of Cochenet's conviction of a first-degree felony for count one.
The amended[1] information under which Cochenet was tried in count one read:
RICHARD ALLAN COCHENET in said County and State, did, in violation of Florida Statute 810.02(2)(a)(b), enter or remain in a certain structure, to-wit: a dwelling located in the vicinity of Lot 147 Country Club Village, 1080 South Airport *399 Road, Kissimmee, in the County and State aforesaid, the property of Karl Gilbert Graf, Jr. and Kathleen Hunt as owners or custodians thereof, with the intent to commit an offense therein, to-wit: aggravated assault upon Karl Gilbert Graf, Jr. by pointing a rifle at Karl Gilbert Graf, Jr. and placing him in fear, and that at the time the said premises were not open to the public and the said RICHARD ALLAN COCHENET was not licensed, invited, or authorized to enter or remain.
Section 810.02(2)(a), Florida Statutes (1981), provides for enhancement of burglary to a felony of the first degree if, in the course of committing the offense, the offender makes an assault upon any person. As the appellant argues in his brief, the amended information charged Cochenet entered the trailer with the intent to commit aggravated assault; it did not allege that the assault actually occurred. Although the fact of the assault is clearly alleged in another count, that count cannot be used to supply an added element for count one. Averheart v. State, 358 So.2d 609 (Fla.1st DCA 1978). The conviction should therefore have been for a second-degree felony rather than a first-degree felony. Although the appellant failed to object to this error at the time of entry of judgment, the error is fundamental and may be raised for the first time on appeal. This is so because the offense for which Cochenet was convicted is greater in degree and penalty than the offense with which he was charged. Ray v. State, 403 So.2d 956 (Fla. 1981); see also, Castor v. State, 365 So.2d 701 (Fla. 1978); Clark v. State, 363 So.2d 331 (Fla. 1978). The ten-year sentence imposed is proper for a second-degree felony,[2] but the trial court in its discretion may reduce the sentence upon proper application in light of the lesser degree of the conviction. See Fla.R.Crim.P. 3.800(b).
We also note that the trial court "stacked" two mandatory minimum sentences under section 775.087(2), Florida Statutes (1981), in regard to the conviction for counts two and three. The Florida Supreme Court in Palmer v. State, 438 So.2d 1 (Fla. 1983), issued subsequent to the imposition of sentence herein, held that such "stacking" is improper unless the offenses arose out of separate incidents occurring at separate times and places. This point has not been raised on appeal, but may be addressed hereafter by a motion directed to the trial court, pursuant to Florida Rule of Criminal Procedure 3.850.
We reverse the entry of judgment of conviction against Cochenet under count one for a first-degree felony, and remand for entry of judgment for a second-degree felony pursuant to section 810.02(3), Florida Statutes (1981). Otherwise, the judgments and sentences are affirmed.
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
DAUKSCH, J., concurs.
COWART, J., concurs specially with opinion.
COWART, Judge, concurring specially:
I concur with all that is stated and held in the majority opinion with one exception.
The error involved in charging Cochenet with burglary in a count of an information that did not allege that he made an assault and convicting him of an enhanced burglary offense that does require that he make an assault is fundamental error not because the crime for which he was convicted was greater in degree and penalty than the offense charged but because it is always fundamental error violative of constitutional due process to convict one of a crime not charged and a crime is not charged unless all of its essential constituent elements are alleged in the charging document. See the cases collected in the dissent in Torrence v. State, 440 So.2d 392 (Fla. 5th DCA 1983).
NOTES
[1] The information was amended during trial by express agreement of the parties to delete the allegation that Cochenet was armed with a dangerous weapon during the course of committing said burglary. See § 810.02(2)(b), Fla. Stat. (1981).
[2] The maximum sentence for a felony of the second degree is fifteen years. § 775.082(3)(c).