448 So.2d 540 (1984)
Kenneth COLWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1255.
District Court of Appeal of Florida, Fifth District.
March 15, 1984.
*541 James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from convictions for burglary of an occupied dwelling and sexual battery. The appellant was charged in four counts with the burglary, two sexual batteries and battery. The appellant was convicted after a jury verdict based upon evidence that he illegally entered an apartment and twice committed sexual battery and once committed battery upon one woman.
The first point on appeal asserts that the information charging the burglary was insufficiently alleged to support a life sentence as a felony of the first degree. § 810.02, Fla. Stat. (1978); § 775.082, Fla. Stat. (1978). We agree the information is deficient; it merely alleges burglary of an occupied dwelling, which is a felony of the second degree punishable by no more than fifteen years. It does not allege an assault was made in the course of committing the burglary. The fact that no objection was made below is to no avail, nor is it of any importance that appellant was charged in other counts of the information with making an assault upon the occupant of the building. Each count of an information stands on its own, is the only vehicle by which the court obtains its jurisdiction and is a limit upon that jurisdiction. To sentence for a crime more serious than the statute under which the crime is charged is fundamental error. Cochenet v. State, 445 So.2d 398 (Fla. 5th DCA 1984). The sentence is reversed and this cause remanded for resentencing.
For his second point on appeal appellant urges the court erred in admitting similar fact evidence under the Williams Rule. Williams v. State, 110 So.2d 654 (Fla. 1959). The admission of the evidence was quite tenuous and were it not for the overwhelming proof of guilt from the other evidence and the lack of a sufficient objection at trial we would order a new trial. State v. Murray, 443 So.2d 461 (Fla. 4th DCA 1984).
*542 Convictions affirmed; sentence reversed, remanded.
COBB, J., concurs.
COWART, J., concurs specially with opinion.
COWART, Judge, concurring specially:
I concur with the qualification contained in the special concurring opinion in Cochenet v. State, 445 So.2d 398 (Fla. 5th DCA 1984). See Averheart v. State, 358 So.2d 609 (Fla. 1st DCA 1978).