GRIMES, Acting Chief Judge.
Appellant was convicted of battery and burglary with intent to commit an assault. On the guidelines scoresheet, the burglary, which was the primary offense at conviction, was scored at sixty points. As computed, the recommended range under the guidelines was three and one half to four and one half years. The court sentenced appellant to concurrent terms of four and one half years for the burglary and one year for the battery.
On appeal appellant argues that the burglary was improperly scored as a first degree felony. Because the information did not allege appellant was armed or made an assault or battery during the course of the burglary, appellant could not have been convicted of a crime greater than a second degree felony. § 810.02(3), Fla.Stat. (1983); Speed v. State, 410 So.2d 980 (Fla. 2d DCA 1982); see Cochenet v. State, 445 So.2d 398 (Fla. 5th DCA), petition for review denied, 453 So.2d 45 (Fla.1984). Accordingly, thirty points should have been scored for the primary offense at conviction, thereby placing appellant in the guidelines cell which recommended community control or twelve to thirty months incarceration. The absence of a contemporaneous objection does not preclude review of appellant’s sentences. Ramsey v. State, 462 So.2d 875 (Fla. 2d DCA 1985).
We affirm appellant’s convictions; we reverse his sentences and remand for re-sentencing.
OTT and FRANK, JJ., concur.