476 So.2d 280 (1985)
Darrell BLACKWELDER, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2347.
District Court of Appeal of Florida, Second District.
October 4, 1985.
J. Marion Moorman, Public Defender, Bartow, and L.S. Alperstein, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Ann Garrison Paschall, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
Appellant was placed on probation for six offenses, second degree grand theft and five counts of obtaining property by worthless check, which he committed in 1980 and 1982. Thereafter, he was charged with robbery, attempted first degree murder, and kidnapping, all of which occurred in early 1984. After his probation was revoked and he was convicted of the new charges, appellant was sentenced to a total of 327 years for all nine crimes.
On appeal, appellant first contends that the trial court erred in sentencing him pursuant to the guidelines for the six offenses for which his probation was revoked. He argues that the affirmative selection to be sentenced under the guidelines *281 which was required because the underlying offenses were committed prior to October 1, 1983, was lacking. The record contains no affirmative selection although defense counsel did apprise the court of the recommended guidelines range and objected to its severity as applied to appellant. By itself, defense counsel's discussion of the scoresheet with the trial court does not constitute a clear and unequivocal choice made by the appellant on the record. Favors v. State, 473 So.2d 815 (Fla. 2d DCA 1985); Jordan v. State, 460 So.2d 477 (Fla. 2d DCA 1984). Because it is apparent that the court intended to impose the maximum penalties provided by law for the six crimes and they were not offenses over which the court could retain jurisdiction, there is no need for resentencing. Tillman v. State, 466 So.2d 20 (Fla. 2d DCA 1985). However, the record must be corrected to reflect that appellant was not sentenced under the guidelines for these crimes.
Appellant also argues that because the statutory maximum for a first degree felony is thirty years, the trial court erred in sentencing him to ninety-nine years for the first degree felony of attempted first degree murder. We agree. The state's contention that the crime was enhanced to a life felony under section 775.087, Florida Statutes (1983), because of appellant's use of a weapon cannot prevail. The count charging appellant with attempted first degree murder lacked the requisite allegation of the use of a weapon or firearm. See Peck v. State, 425 So.2d 664 (Fla. 2d DCA 1983); cf. Williams v. State, 407 So.2d 223 (Fla. 2d DCA 1981) (crime properly enhanced by nolo contendere plea to information charging commission of crime while in possession of a firearm). The allegation contained in the robbery count that appellant used a weapon cannot be used to supplement the count for attempted first degree murder. Cochenet v. State, 445 So.2d 398 (Fla. 5th DCA), petition for review denied, 453 So.2d 45 (Fla. 1984).
Appellant points out that the trial court erred in retaining jurisdiction over one third of his sentences for robbery, attempted first degree murder, and kidnapping. Because appellant was sentenced under the guidelines for these offenses, the retention of jurisdiction provisions of these sentences must be stricken. Barr v. State, 473 So.2d 25 (Fla. 2d DCA 1985).
Finally, appellant argues that the trial court's extent of departure was not commensurate with the severity of the offenses. The maximum statutory sentence is not the only lawful limitation on departure. Albritton v. State, 476 So.2d 158 (Fla. 1985). The presumptive range for the three crimes for which appellant was sentenced under the guidelines was twenty-seven to forty years. As corrected by this opinion, appellant received a total of 228 years imprisonment for these crimes. In view of the circumstances surrounding the commission of these crimes, we cannot say that the trial court abused its discretion in imposing the practical equivalent of a life sentence.
We affirm the convictions but remand with directions to correct the sentences for the six pre-guidelines offenses and the attempted first degree murder, and to strike the retention of jurisdiction over the sentences for robbery, attempted first degree murder, and kidnapping.
OTT and FRANK, JJ., concur.