530 So.2d 464 (1988)
Willie James COX, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2186.
District Court of Appeal of Florida, Fifth District.
September 1, 1988.
Thomas W. Turner, Orlando, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Pamela D. Cichon, Asst. Atty. Gen., Daytona Beach, for appellee.
*465 DANIEL, Judge.
Willie Cox appeals his convictions and sentences for two counts of assault, possession of a firearm in the commission of a felony, two counts of battery on a law enforcement officer and two counts of resisting an officer with violence. On appeal, Cox contends that the trial court erred in enhancing his sentences and imposing the mandatory minimum sentences for the two counts of battery on a law enforcement officer. We agree.
Cox was charged by amended information with two counts of aggravated assault with a deadly weapon, possession of a firearm in the commission of a felony, two counts of battery on a law enforcement officer, two counts of resisting an officer with violence and two counts of carrying a concealed firearm. Count four of the amended information charged that "Cox, on the 3rd day of March, 1987, in said county and state, did, in violation of Florida Statutes 784.03 and 784.07, knowingly commit a battery upon a law enforcement officer, Jan A. Fetzer, a police officer for the City of Orlando, and in furtherance thereof, did actually and intentionally touch or strike Jan A. Fetzer, against the will of the said Jan A. Fetzer, while said officer was engaged in the lawful performance of his duties." Count five charged a battery on Officer Pedersen in the same language.
At trial, Officers Pedersen and Fetzer both testified that Cox had possession of Officer Fetzer's gun and pointed it at Officer Fetzer while struggling with the officers after they tried to arrest him. Both officers testified that they were struck and injured by Cox. The verdict forms for counts four and five provided as follows:
____ WE, THE JURY, FIND DEFENDANT GUILTY OF BATTERY ON A LAW ENFORCEMENT OFFICER WITH A FIREARM, AS CHARGED IN THE INFORMATION
____ WE, THE JURY, FIND DEFENDANT GUILTY OF A LESSER INCLUDED OFFENSE, BATTERY
____ WE, THE JURY, FIND DEFENDANT NOT GUILTY
The jury found Cox guilty of "battery on a law enforcement officer with a firearm, as charged in the information." Cox was adjudicated guilty and the offenses were reclassified from third degree felonies to second degree felonies and the three-year mandatory minimum sentence was imposed because of the use of a firearm in the commission of the offenses. On appeal, Cox argues that the trial court erred in enhancing the battery charges from third to second degree felonies and in imposing the mandatory minimum sentence because he was not charged with the possession of a firearm under the battery counts in the amended information. Cox admits that defense counsel did not raise these matters below but argues that they constitute fundamental errors.
Cox is correct. In Cochenet v. State, 445 So.2d 398 (Fla. 5th DCA 1984), Cochenet was charged with entering or remaining in a dwelling with the intent to commit an offense therein, aggravated assault. Cochenet was convicted of first degree burglary. On appeal, this court reversed his conviction explaining as follows:
Section 810.02(2)(a), Florida Statutes (1981), provides for enhancement of burglary to a felony of the first degree if, in the course of committing the offense, the offender makes an assault upon any person. As the appellant argues in his brief, the amended information charged Cochenet entered the trailer with the intent to commit aggravated assault; it did not allege that the assault actually occurred. Although the fact of the assault is clearly alleged in another count, that count cannot be used to supply an added element for count one. Averheart v. State, 358 So.2d 609 (Fla. 1st DCA 1978). The conviction should therefore have been for a second-degree felony rather than a first-degree felony. Although the appellant failed to object to this error at the time of entry of judgment, the error is fundamental and may be raised for the first time on appeal. This is so because the offense for which Cochenet was convicted is greater in degree and penalty that the offense with which he was charged. (emphasis in original)
*466 445 So.2d at 399. The entry of judgment of conviction against Cochenet under this count for a first-degree felony was reversed and the cause was remanded for the entry of judgment for a second-degree felony pursuant to section 810.02(3), Florida Statutes.
In Colwell v. State, 448 So.2d 540 (Fla. 5th DCA 1984), Colwell was convicted of first-degree burglary and sexual battery. On appeal, this court agreed with Colwell that the information was insufficient to charge first-degree burglary:
The first point on appeal asserts that the information charging the burglary was insufficiently alleged to support a life sentence as a felony of the first degree. § 810.02, Fla. Stat. (1978); § 775.082, Fla. Stat. (1978). We agree the information is deficient; it merely alleges burglary of an occupied dwelling, which is a felony of the second degree punishable by no more than fifteen years. It does not allege an assault was made in the course of committing the burglary. The fact that no objection was made below is to no avail, nor is it of any importance that appellant was charged in other counts of the information with making an assault upon the occupant of the building. Each count of an information stands on its own, is the only vehicle by which the court obtains its jurisdiction and is a limit upon that jurisdiction. To sentence for a crime more serious than the statute under which the crime is charged is fundamental error. Cochenet v. State, 445 So.2d 398 (Fla. 5th DCA 1984). The sentence is reversed and this cause remanded for resentencing.
448 So.2d at 541. See also Blackwelder v. State, 476 So.2d 280 (Fla. 2d DCA 1985); Smith v. State, 475 So.2d 1336 (Fla. 2d DCA 1985).
In the present case, Cox was charged with battery on a law enforcement officer pursuant to section 784.03, Florida Statutes (1987) and section 784.07, Florida Statutes (1987), which provides in part as follows:
(2) Whenever any person is charged with knowingly committing an assault or battery upon a law enforcement officer ... while the officer is engaged in the lawful performance of his duties, the offense for which the person is charged shall be reclassified as follows:
* * * * * *
(b) In the case of battery, from a misdemeanor of the first degree to a felony of the third degree.
Cox's third degree felony convictions for battery on a law enforcement officer were again reclassified and the mandatory minimum sentence imposed pursuant to section 775.087, Florida Statutes (1987), which provides in part as follows:
Possession or use of weapon; aggravated battery; felony reclassification; minimum sentence. 
(1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
* * * * * *
(c) In the case of a felony of the third degree, to a felony of the second degree. (2) Any person who is convicted of:
* * * * * *
(b) Any battery upon a law enforcement officer or firefighter while the officer or firefighter is engaged in the lawful performance of his duties and who had in his possession a "firearm," ... shall be sentenced to a minimum term of imprisonment of 3 calendar years. (emphasis added).
The amended information, however, did not charge Cox with the use or possession of a firearm during the battery. Although use or possession of a firearm was charged in other counts, those counts cannot be used to supply an added element for counts four and five. Accordingly, we reverse Cox's convictions for battery on a law enforcement officer as second degree felonies *467 and remand for entry of judgments of convictions as third degree felonies. Because the scoresheet was erroneously calculated,[1] we reverse the sentences for the additional offenses at conviction and remand the case with directions that a new guidelines scoresheet be prepared and the defendant be resentenced on all counts.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
SHARP, C.J., and COBB, J., concur.
NOTES
[1] On the judgment form, the batteries were listed as third degree felonies and the scoresheet was originally prepared considering them as third degree felonies. However, the scoresheet was later recalculated based on the batteries as second degree felonies and Cox's recommended guidelines sentence was thereby increased from 2 1/2 to 3 1/2 years incarceration to 3 1/2 to 4 1/2 years incarceration.