ERVIN, Judge.
Dennis Duane Zettle was charged by information with attempted first degree murder and burglary. A jury found him guilty of attempted second degree murder, a second degree felony, and first degree burglary with a battery, and he appeals. We affirm in part, reverse in part and remand.
In regard to the burglary with a battery conviction, the charging instrument alleged that appellant “did unlawfully enter or remain in a structure, to wit: a dwelling, the property of Stephen Harold Moore, when another human being, to wit: Stephen Harold Moore, was in said structure, with the intent to commit an offense therein, to wit: a battery, contrary to the provisions of Section 810.02, Florida Statutes.” (Emphasis added.) The information, at most, alleges only second degree burglary. See §§ 810.02(1), (8), Fla.Stat. (1987). For Zet-tle to have been convicted of first degree burglary under Section § 810.02(2), Florida Statutes (1987), the information necessarily had to allege that appellant actually committed a battery or that he was armed or that he armed himself while in the structure. Regardless of the fact that appellant actually did commit a battery or that he was armed, the elements necessary for the crime for which appellant was convicted must be alleged in the charging count and cannot be borrowed from other counts of the information. Because the information fails to allege the necessary elements for the first degree felony, we conclude that the conviction for first degree burglary with a battery cannot stand. Cochenet v. State, 445 So.2d 398 (Fla. 5th DCA), review denied, 453 So.2d 45 (1984); Smith v. State, 475 So.2d 1336 (Fla. 2d DCA 1985).
In so holding, we observe, however, that appellant was sentenced to nine years for the burglary conviction, a legal sentence for a second degree felony conviction, and one within the guidelines in this case. Therefore, although we reverse the judgment and remand to the trial court for entry of a conviction of second degree bur *122 glary, we affirm the sentence imposed, recognizing that the trial court may, in its discretion, impose a lesser sentence on remand.
Turning to the attempted second degree murder conviction, a review of the judgment and sentence reveals that although appellant was properly sentenced for a second degree felony, the judgment lists the crime as a first degree felony. This is incorrect. See §§ 782.04(2), (3), 777.-04(4)(b), Fla.Stat. (1987). Therefore, the judgment must also be reversed as to the conviction for attempted second degree murder in order to allow the trial court to correct the judgment to reflect that appellant was convicted of a second degree felony, not a first degree felony.
AFFIRMED in part, REVERSED in part and REMANDED with directions.
SMITH, C.J., and NIMMONS, J., concur.