562 So.2d 813 (1990)
Daniel Michael SULLIVAN, Appellant,
v.
STATE of Florida, Appellee.
No. 89-02605.
District Court of Appeal of Florida, First District.
June 1, 1990.
*814 Leonard E. Ireland, Jr. of Clayton, Johnston, Quincey, Ireland, Felder, Gadd, Smith & Roundtree, Gainesville, for appellant.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
BOOTH, Judge.
This cause is before us on appeal from judgment of conviction for vehicular homicide. On appeal, appellant contends that the trial court erred in (1) denying appellant's motion for judgment of acquittal, and (2) sentencing appellant to a second-degree felony under Section 782.071(2), Florida Statutes.
We find that the trial court properly denied appellant's motion for acquittal based on the State's production of sufficient competent evidence to support each element of vehicular homicide. However, the court erred in sentencing appellant to a second-degree felony under Section 782.071(2), Florida Statutes, where appellant was not charged with, or found guilty of, violation of Section 782.071(2).
Section 782.071, Florida Statutes, provides:
(1) "Vehicular homicide" is the killing of a human being by the operation of a motor vehicle by another in a reckless manner likely to cause the death of, or great bodily harm to, another. Vehicular homicide is a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(2) Any person who commits vehicular homicide and willfully fails to stop or comply with the requirements of s. 316.027(1) is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
The information filed by the State charged appellant with Count I, manslaughter under Section 782.07, and Count II, leaving the scene of an accident with personal injury in violation of Section 316.027. The trial judge instructed the jury on vehicular homicide under Section 782.071(1) as a lesser-included offense of the Count I manslaughter charge. No instruction was given on Section 782.071(2). The jury returned a verdict of guilty of vehicular homicide and guilty of unlawfully leaving the scene of an accident.[1]
Appellant, released on his own recognizance, returned for sentencing. Prior to the sentencing hearing, the State filed a notice of intent to seek sentencing under Section 782.071(2). Appellee's objection to application of that provision was overruled. The court enhanced the offense from a third-degree to a second-degree felony and sentenced appellant to five years' imprisonment.
Appellee argues that enhancement under Section 782.071(2) is comparable to that of Section 775.0845 (wearing a mask while committing an offense) and Section 775.0846 (wearing bulletproof vest while committing an offense). However, the two cases we find under Section 775.0845, although *815 affirming enhancement, are not supportive of appellee's position. In both cases, the jury specifically found the defendant committed the various offenses while masked or disguised. Thus, in Fletcher v. State, 472 So.2d 537 (Fla. 5th DCA 1985), the jury found that while committing attempted robbery defendant "was wearing devices that concealed his identity," and in Jennings v. State, 498 So.2d 1373 (Fla. 1st DCA 1986), the charge as to each offense specified it was committed "while masked," and the jury found appellant guilty as charged.
But appellee contends that since the enhancement provision of the vehicular homicide statute is "mandatory and automatic," defendant need not be charged with violation of Section 782.071(2). No case is cited, and we find none that supports that position. The cases cited by appellee are, in fact, to the contrary. In Buckbee v. State, 463 So.2d 1240 (Fla. 4th DCA 1985), defendant was charged with second-degree murder with a firearm, convicted of manslaughter with a firearm, and on appeal, the court ruled that enhancement to a first-degree felony for use of a firearm was proper. State v. Crocker, 519 So.2d 32, 33 (Fla. 2d DCA 1987), deals with felony petit theft under Section 812.014(2)(c) and allows the State to prove to the court "the historical fact of prior convictions" in order that the enhancement provision apply. That is a different matter altogether from the instant case, wherein the court is required to consider other counts of the same charging document, not historical facts, in order to apply the enhancement provision.
The basic flaw in the instant case is the failure to charge in a single count the enhancement factors and the offense to which enhancement applies. The law is that the court may not look to facts charged in other counts in the charging document in order to supply the deficiencies in any single count. This is a well-established principle.
In State v. McKinnon, 540 So.2d 111, 112-113 (Fla. 1989), the Florida Supreme Court ruled that enhancement under Section 775.087(1)(b) (use of a firearm) was error, holding:
Webster McKinnon was charged with second-degree murder (count I) and display or use of a firearm during the commission of a felony (count II) for the shooting death of a patron at a bar that is owned and operated by McKinnon. As to count I, the jury convicted McKinnon of the lesser included offense of manslaughter and, as to count II, of display or use of a firearm during the commission of a felony. The verdict form as to count I contained no mention of whether the manslaughter was committed with the use of a firearm ... .
.....
... As noted above, the jury did not, in its verdict form as to count I, specifically find that the manslaughter was committed with a firearm. It was only in count II that McKinnon was found guilty of having displayed or used a firearm during the commission of a felony. See Peck v. State, 425 So.2d 664 (Fla. 2d DCA 1983). It appears that the trial court inferred the requisite finding of the use or display of a firearm from the conviction on the second count of the indictment. This inference is not proper. Conviction on one count in an information may not be used to enhance punishment for a conviction on another count. [emphasis added][2]
To like effect is Blackwelder v. State, 476 So.2d 280, 281 (Fla. 2d DCA 1985), wherein the court held:
The State's contention that the crime was enhanced to a life felony under section 775.087, Florida Statutes (1983), because of appellant's use of a weapon cannot prevail. The count charging appellant with attempted first degree murder lacked the requisite allegation of the use of a weapon or firearm... . The allegation *816 contained in the robbery count that appellant used a weapon cannot be used to supplement the count for attempted first degree murder.
In Cox v. State, 530 So.2d 464 (Fla. 5th DCA 1988), defendant was charged with two counts of aggravated assault with a deadly weapon, possession of a firearm in the commission of a felony, two counts of battery on a law enforcement officer, and two counts of resisting an officer with violence, as well as two counts of carrying a concealed firearm. He appealed, contending that the trial court erred in enhancing his sentence under Section 810.02(2)(a) for the two counts of battery on a law enforcement officer. The district court agreed and reversed the enhancement on those two counts, holding (530 So.2d at 467):
The amended information ... did not charge Cox with the use or possession of a firearm during the battery. Although use or possession of a firearm was charged in other counts, those counts cannot be used to supply an added element for counts four and five. [emphasis in original]
Thus, in the Cox case, despite the obvious and repeated reference to a firearm in the other offenses charged, the two counts of battery on a law enforcement officer could not be enhanced in the absence of specific language in those counts.
In Streeter v. State, 416 So.2d 1203, 1206 (Fla. 3d DCA 1982), the court states the rule as follows:
[E]ach count or charge in an information or indictment is considered as if it were a separate information or indictment... .
[A] verdict on any one count or charge, independent of the verdicts on any other count, must support the judgment and sentence of the court.
The Streeter decision further holds:[3]
The only exception to the proposition that separate counts must be viewed independently is now found in the line of cases represented by Redondo v. State, 403 So.2d 954 (Fla. 1981); Mahaun v. State, 377 So.2d 1158 (Fla. 1979); and Wooton v. State, 404 So.2d 1072 (Fla. 3d DCA 1981). The exception is, as is apparent from these cases, limited to instances where what the jury fails to find in one count vitiates a guilty verdict on a separate count to the benefit of the defendant, not an instance, as here, where what the jury finds on one count is used to supply a missing element of a separate count to the detriment of a defendant. [emphasis in original]
The trial court in the instant case sentenced appellant on vehicular homicide as a second-degree felony; however, the vehicular homicide count, when viewed independently, does not contain all of the elements necessary to sentence appellant to a felony of the second degree pursuant to Section 782.071(2). Thus, the trial judge here was required to consider the charges in both counts and the verdict returned on both counts in order to enhance the sentence. This was error.
Accordingly, on the first issue, appellant's conviction for vehicular homicide is affirmed, but as to the second issue, the sentence imposed is set aside, and the cause is remanded for resentencing in accordance herewith.
NIMMONS, J., and THOMPSON, FORD L. (Retired), Associate Judge, concur.
NOTES
[1] No issue is raised on appeal as to the conviction for this offense.
[2] Accord, Denmark v. State, 544 So.2d 266 (Fla. 1st DCA 1989), citing State v. McKinnon, 540 So.2d 111 (Fla. 1989), and upholding enhancement where the information specifically charged possession of a pistol in each of six counts and the jury returned a verdict form that included a finding of commission of the various offenses with a firearm.
[3] Streeter v. State, 416 So.2d 1203, 1206 at n. 3 (Fla. 3d DCA 1982).