PER CURIAM.
We affirm the judgment of conviction for attempted second-degree murder. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). However, because the information did not charge the defendant with shooting the victim with a firearm, the trial court erred in reclassifying the offense from a second-degree felony to a first-degree felony and in imposing a three-year mandatory minimum sentence. See Sullivan v. State, 562 So.2d 813 (Fla. 1st DCA 1990) (defendant’s sentence could not be enhanced where information did not contain statutory elements necessary for enhancement); Cox v. State, 530 So.2d 464 (Fla. 5th DCA 1988) (enhancing offenses of battery on law enforcement officer to second-degree felonies and imposing three-year mandatory minimum sentence because of use of firearm was fundamental error, where defendant was not charged with possession of firearm under battery counts in information); Peck v. State, 425 So.2d 664 (Fla.2d DCA 1983) (in order to apply statutory three-year mandatory minimum, state must allege in the information and prove at trial that defendant possessed a firearm during commission of crime).
Accordingly, we affirm the judgment of conviction for attempted second-degree murder but reverse the sentence and remand for resentencing. On remand, the trial court must reclassify the offense to a second-degree felony and resentence the defendant under the guidelines using a new guidelines scoresheet.
Affirmed in part, reversed in part, and remanded with directions.