PER CURIAM.
Defendant, Richard Watson, appeals the summary denial of his 3.850 motion, Florida Rules of Criminal Procedure, to vacate his sentence.[1] We reverse.
The defendant, charged with vehicular homicide and leaving the scene of an accident after committing vehicular homicide, elected to change his plea to guilty at his status conference hearing. A few weeks prior to this hearing, the state had filed notice of its intent to seek habitual offender status. During the plea colloquy, the trial court advised the defendant about the maximum statutory penalties as follows:
THE COURT: The maximum penalty as you heard here for vehicular homicide, leaving the scene, is fifteen years in prison with a maximum penalty for vehicular homicide. [Cjount two would be five years.
The court did not mention the possibility of an enhanced sentence pursuant to the habitual offender statute, section 775.084, Florida Statutes (1991). The defendant pleaded guilty and was later sentenced, in a subsequent proceeding, to thirty-five years imprisonment as a habitual offender (five *582 years for the vehicular homicide and thirty years for leaving the scene of an accident after committing a vehicular homicide).
Thereupon, the defendant filed this 3.850 motion to vacate his sentence alleging, in part, that his guilty pleas were not voluntarily entered because the trial court had erroneously advised him, at the time he entered his pleas, that the maximum penalty would be twenty years.
In Brown v. State, 585 So.2d 350 (Fla. 4th DCA 1991), the trial court advised Brown, during his plea colloquy, that it could choose to sentence him to a maximum of twenty-two years imprisonment under the guidelines or as a habitual offender. However, Brown was not informed that his sentence under the habitual offender statute was life imprisonment without possibility of parole. He pled guilty and was subsequently sentenced to such.
On appeal, this court held that the trial court reversibly erred by not informing Brown of the significance and true consequence of his guilty plea: a maximum penalty of life imprisonment without possibility of parole.
In this case, the state filed notice of its intent to seek habitual offender status before the change of plea hearing. Therefore, the trial court knew, at the time it accepted the pleas, that if habitual offender status was granted, the maximum sentence could exceed twenty years. Consequently, it was incumbent on the trial judge to inform the defendant of the penalties under habitual offender status.
We also find error in the trial court’s sentencing the defendant to consecutive sentences of thirty years on Count I (vehicular homicide, leaving the scene), and five years on Count II (vehicular homicide). Counts I and II are different degrees of the same offense, see section 782.071, Florida Statutes (1991), and therefore the defendant cannot be sentenced for both. See Wright v. State, 573 So.2d 998 (Fla. 1st DCA 1991), Sullivan v. State, 562 So.2d 813 (Fla. 1st DCA 1990).
Thus, this court finds that the trial court reversibly erred in accepting the defendant’s guilty pleas without determining that he was apprised of the maximum penalties.
REVERSED AND REMANDED.
ANSTEAD, LETTS and WARNER, JJ., concur.

. Although a hearing was held on the 3.850 motion, it was only to determine whether to hold an evidentiary hearing, which the trial court declined to do.