PER CURIAM.
We grant this petition for writ of certiorari and quash the order of the circuit court affirming petitioner’s conviction in the county court for trespass of an occupied structure, a first-degree misdemeanor.
Petitioner was charged in county court by information with violation of section 810.08(1), Florida Statutes (1993), the general trespass statute. The information specifically charged the petitioner with a second-degree misdemeanor. The information alleged, in pertinent part, as follows:
did unlawfully and wilfully, without being authorized, licensed or invited, enter upon or remain in a structure or conveyance, the property of FERRIN SIGNS, contrary to Florida Statute 810.08(1). (2 DEG MISD).
On the morning of trial, the state announced that it was proceeding under section 810.08(2)(b), Florida Statutes (1993), a first-degree misdemeanor. Petitioner initially objected, after which the court, counsel for the state, and counsel for the defense conferred discussing, among other things, an appropriate jury instruction. At that point, petitioner’s counsel stated to the court that he didn’t “have a problem” with a jury instruction as to whether his client entered an occupied structure, the first-degree misdemeanor, but he did thereafter continue his objection to his chent’s being prosecuted with the first-degree misdemeanor. In addition, the state made no attempt to amend the information, either in writing or orally, notwithstanding the specific language of the information: “(2 DEG MISD) ” (emphasis added).
After being convicted of trespass into an occupied structure, a first-degree misdemeanor, petitioner appealed to the circuit court where the state expressly conceded error. Notwithstanding the state’s concession of error, the circuit court affirmed the petitioner’s conviction and sentence.
Petitioner argues that in affirming his conviction, notwithstanding the state’s express concession of error, the circuit court departed from the essential requirements of law resulting in a miscarriage of justice, since it resulted in his being convicted and sentenced for an offense more serious than charged. In Jenkins v. State, 617 So.2d 836 (Fla. 4th DCA 1993), we held that it was fundamental error mandating reversal for the court to adjudicate and sentence a defendant for a first-degree misdemeanor when the state failed to allege the element making the offense a first-degree misdemeanor. See also Zettle v. State, 538 So.2d 121 (Fla. 1st DCA 1989); Wright v. State, 617 So.2d 837 (Fla. 4th DCA 1993).
We agree with appellant and the state at the circuit court level when it conceded error. We therefore grant the petition for writ of certiorari, quash the affirmance by the circuit court, and remand to the county court to readjudicate and resentenee the petitioner for second-degree misdemeanor trespass, as charged in the information.
REVERSED AND REMANDED WITH DIRECTIONS.
GLICKSTEIN, STEVENSON and SHAHOOD, JJ., concur.