DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHARLIE BENJAMIN RAWLS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-665

[August 16, 2017]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael Ian Rothschild, Judge; L.T. Case No. 69003660CF10A.

Carey Haughwout, Public Defender, and J. Woodson Isom, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Charlie B. Rawls appeals the denial of his rule 3.800(a) motion. The appellant was sentenced to life in prison for a 1969 burglary offense. He now contends that his offense was punishable by a maximum of twenty years in prison, and therefore, that his life sentence is illegal. We agree with appellant based on the information, the jury's verdict, the written judgment, and the applicable statute. As a result, we reverse and remand for resentencing.

The information charged appellant in a single count with "break[ing] and enter[ing] a dwelling house . . . with intent to commit a felony therein, to-wit: Rape, contrary to F.S. 810.01." The information did not reference a specific subsection of section 810.01, Florida Statutes (1967), to indicate whether appellant was charged with burglary of a dwelling under subsection (2), which was punishable by twenty years in prison, or charged under subsection (1), which set forth an aggravated burglary offense punishable by life imprisonment. *See* § 810.01, Fla. Stat. (1967). Nevertheless, as discussed below, the language of the information plainly

charged appellant with the lesser burglary offense under subsection (2).

At trial, the jury found appellant guilty as charged in the information. The verdict form and judgment reflect that appellant was convicted of "BREAKING AND ENTERING A DWELLING HOUSE WITH INTENT TO COMMIT A FELONY, TO-WIT: RAPE." The trial court sentenced appellant to life in prison with the possibility of parole. Although appellant was paroled at one point, he was later re-imprisoned.

In 2017, appellant filed a motion to correct illegal sentence contending that his life sentence exceeded the statutory maximum for his offense. His claim was based on the foregoing documents and the applicable burglary statute. The 1967 version of the statute provided:

> (1) **Whoever breaks and enters a dwelling house**, or any building or structure within the curtilage of a dwelling house though not forming a part thereof, **with intent to commit a felony, or after having entered with such intent breaks such dwelling house or other building or structure aforesaid, if he be armed** with a dangerous weapon, **or** have with him any nitroglycerine, dynamite, gunpowder or other high explosive at the time of breaking and entering, **or** if he arm himself with a dangerous weapon, **or** take into his possession any such high explosive within such building, **or if he make an assault upon any person lawfully therein, shall be punished by imprisonment in the state prison for life**, or for such term of years as may be determined by the court.

> (2) **If the offender be not armed**, nor arm himself with a dangerous weapon as aforesaid, nor have with him nor take into his possession any high explosive as aforesaid, **nor make an assault upon any person lawfully in said building, he shall be punished by imprisonment in the state prison not exceeding twenty years.**

§ 810.01, Fla. Stat. (1967) (emphases added), *repealed by* Ch. 74-383, § 66, Laws of Fla. *See also* Ch. 74-383, § 31, Laws of Fla. (reorganizing this burglary statute into three subsections and moving it to section 810.02). Because appellant was neither charged with nor convicted of any aggravating circumstances during the burglary, such as being armed or committing an assault, he reasoned that his conviction fell under subsection (2), and that his prison sentence should have been capped at twenty years.

The trial court denied appellant's rule 3.800(a) motion based on the State's contention that he had been properly charged, convicted, and sentenced under subsection (1). Noting the information alleged that appellant committed the burglary with the *intent* to commit rape—and the jury so found—the court determined that the intended rape constituted the *assault* necessary to sustain a conviction and sentence under subsection (1).

However, as appellant points out on appeal, the trial court wrongly equated the *intent* to commit a rape (or an assault) with the *actual commission* of an assault. *See Cochenet v. State*, 445 So. 2d 398, 399 (Fla. 5th DCA 1984) (emphasis omitted) ("[T]he amended information charged [defendant] entered the trailer with the intent to commit aggravated assault; it did not allege that the assault actually occurred."). Here, appellant was charged, found guilty, and convicted of the lesser burglary offense under subsection (2), that is, burglary of a dwelling with *intent to commit a felony*. No aggravating circumstances were alleged or submitted to the jury, as would be required to obtain a conviction under subsection (1). *See* § 810.01(1), Fla. Stat. (1967) (setting forth the aggravating circumstances for a burglary, including: the possession of a dangerous weapon, the possession of a high explosive, and the assault of a person lawfully in the dwelling).

That the *intended* felony is a rape or assault does not alter the analysis where it is not alleged that the burglar *actually committed* an assault. *See Averheart v. State*, 358 So. 2d 609, 610 (Fla. 1st DCA 1978) (reversing life sentence for burglary with intent to commit *sexual battery*, where information "contained no allegations of the aggravating circumstances"); *see also Cochenet*, 445 So. 2d at 399 (holding that defendant should have been convicted of lesser burglary offense where information alleged that he entered with only the "intent to commit aggravated assault"). Accordingly, the record in this case demonstrates that appellant was convicted of the lesser burglary offense under subsection (2). His life sentence is illegal for exceeding the twenty-year statutory maximum. § 810.01(2), Fla. Stat. (1967).

The arguments raised by the State on appeal are not persuasive as they contradict the plain language of the statute. We reverse the denial of appellant's rule 3.800(a) motion and remand for the trial court to resentence appellant to no more than twenty years in prison.

*Reversed and remanded.*

MAY, CONNER and KLINGENSMITH, JJ., concur.

* * *

*Not final until disposition of timely filed motion for rehearing.*