DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JACOB JUSTICE STEPHEN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-2225

[January 7, 2026]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Lawrence M. Mirman, Judge; L.T. Case No. 56-2021-CF-000122.

Daniel Eisinger, Public Defender, and Gary L. Caldwell, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Melynda L. Melear, Senior Assistant Attorney General, West Palm Beach, for appellee.

CONNER, J.

Defendant, Jacob Justice Stephen, appeals his judgments and sentences after being adjudicated guilty of attempted second-degree murder and possession of a firearm by a prohibited person. Defendant raises eight issues on appeal. We affirm the trial court's rulings on all the issues and sub-issues raised without discussion, except one. We find merit in Defendant's argument that the trial court fundamentally erred in instructing the jury as to Count 2, possession of a firearm by a prohibited person. For the reasons discussed below, we reverse the judgment and sentence as to Count 2 and remand for further proceedings.

*Background*

Defendant was charged by information with attempted first-degree murder ("Count 1") and possession of a firearm by a prohibited person ("Count 2"). A jury found him guilty as charged but, at sentencing, the trial court reduced Count 1 to attempted second-degree murder. Defendant was given concurrent prison sentences for both counts.

The charges arose from incidents in a parking lot of a club at closing time. As patrons were leaving the club, several fights broke out in the parking lot. During the chaos, individuals threw beer bottles and fired shots. The State's theory of prosecution was that, as Defendant was leaving, the victim approached the rear of Defendant's car and Defendant, believing the victim had struck his car with a beer bottle, exited his vehicle with a gun and fired shots, intentionally striking the victim.

Prior to trial, Defendant sought dismissal of the charges with a Stand Your Ground ("SYG") motion. At the SYG hearing, Defendant testified that, prior to getting to his vehicle, he was attacked by two or three people. Defendant explained that, as he tried to leave, the victim had approached his vehicle screaming and gesturing as if the victim was going to attack, prompting Defendant to step out of his car and fire shots in self-defense. The trial court denied Defendant's SYG motion, and the case proceeded to a jury trial.

Pretrial, it was agreed that the trial would be bifurcated between Count 1, the attempted murder charge, and Count 2, the possession of a firearm by a prohibited person. The jury was not informed it would be deliberating on two counts separately until after a verdict was rendered on Count 1.

Immediately upon the jury returning a guilty verdict as to Count 1, the trial court instructed the jury to return to the jury room so the trial court could take up a matter out of their presence. The trial court inquired as to whether Defendant wanted to enter a plea to Count 2 or proceed with trial. Although Defendant purportedly agreed during the bench conference that the jury could be advised he had stipulated to being an adjudicated delinquent who was not allowed to possess a firearm, he declined to enter a plea to Count 2.

When the jury returned to the courtroom, the trial court advised the jurors that they would be asked to decide Count 2 and the nature of Count 2. The trial court then stated:

> The parties have stipulated to the second element [under-age possession by a delinquent]. You've already found the first [element], that he was in actual possession of a firearm. The parties have stipulated to the second part, so what we need to do is have you as pro, for the matter of procedure go back to the jury room with the verdict form and check the appropriate box, which the question is do you now find the State has proven beyond a reasonable doubt the defendant possessed a

2

firearm and at the time he was prohibited person, if you follow that. Do you follow that?

Okay, so I need you to go to the jury room and complete the verdict form as you see appropriate and that, after that that'll conclude your service in the case.

The trial court gave no further instructions to the jury before deliberation on Count 2.

*Appellate Analysis*

Defendant argues the trial court fundamentally erred by improperly instructing the jury that its prior finding on Count 1—that Defendant had possessed a firearm—could be applied to Count 2. Defendant also argues the trial court fundamentally erred by giving jury instructions for Count 2 which negated the "multiple counts, single defendant" standard criminal jury instruction. We agree.

"[G]enerally speaking, the standard of review for jury instructions is abuse of discretion[.]" *Lewis v. State*, 22 So. 3d 753, 758 (Fla. 4th DCA 2009) (quoting *Pollock v. CCC Invs. I, LLC*, 933 So. 2d 572, 574 (Fla. 4th DCA 2006)). "Reversible error occurs when an instruction is not only an erroneous or incomplete statement of the law, but is also confusing or misleading." *Dockswell v. Bethesda Mem'l Hosp., Inc.*, 210 So. 3d 1201, 1214 (Fla. 2017) (quoting *Gross v. Lyons*, 721 So. 2d 304, 306 (Fla. 4th DCA 1998) (emphasis added)). Fundamental error is reviewed de novo. *Simms v. State*, 140 So. 3d 1000, 1003 (Fla. 1st DCA 2014).

Here, the jury instructions given by the trial court for Count 2 constituted fundamental error because the instructions negated Florida Standard Jury Instruction (Criminal) 3.12(a), which provides:

A separate crime is charged in each count of the information, and although they have been tried together, each crime and the evidence applicable to it must be considered separately and a separate verdict returned as to each. A finding of guilty or not guilty as to one crime must not affect your verdict as to the other crimes charged.

Fla. Std. Jury Instr. (Crim.) 3.12(a) (emphasis added). More problematic, the jury was not instructed on Florida Standard Jury Instruction (Criminal) 3.12(a) at all.

3

As Florida Standard Jury Instruction (Criminal) 3.12(a) makes clear, "each crime and the evidence applicable to it must be considered separately." *Id.* Additionally, the instruction's language that "[a] finding of guilty or not guilty as to one crime must not affect your verdict as to the other crimes charged" led the Second District to recently conclude in *Lydecker v. State*, 390 So. 3d 688, 695 (Fla. 2d DCA 2024), that the "[single defendant, multiple counts instruction] <u>requires each count to be proven independently</u>[.]" (emphasis added).

As Defendant argues here, a finding of possession of a firearm on one count does not carry over to a different count. *See State v. McKinnon*, 540 So. 2d 111, 113 (Fla. 1989) ("Conviction on one count in an information may not be used to enhance punishment for a conviction on another count."); *O'Neal v. State*, 298 So. 3d 77, 83 (Fla. 4th DCA 2020) (same); *Blackwelder v. State*, 476 So. 2d 280, 281 (Fla. 2d DCA 1985) ("The allegation contained in the robbery count that appellant used a weapon cannot be used to supplement the count for attempted first degree murder."); *Cochenet v. State*, 445 So. 2d 398, 399 (Fla. 5th DCA 1984) ("Although the fact of the assault is clearly alleged in another count, that count cannot be used to supply an added element for count one.")

Additionally, it is troublesome that the trial court instructed the jury:

> The parties have stipulated to the second part [under-age possession by a delinquent], so <u>what we need to do is have you as pro, for the matter of procedure go back to the jury room with the verdict form and check the appropriate box, which the question is do you now find the State has proven beyond a reasonable doubt the defendant possessed a firearm and at the time he was prohibited person</u>, if you follow that.

(emphasis added). In essence, the trial court instructed the jury as a "matter of procedure [to] go back to the jury room with the verdict form and check the appropriate box" finding beyond a reasonable doubt Defendant had possessed a firearm while being a prohibited person. The record shows the jury took virtually no time before returning a guilty verdict on Count 2 as instructed. The trial court's Count 2 jury instructions, essentially directing the jury which "appropriate box" to check on the verdict form, denied Defendant due process and the right to a jury trial.

We hold that the trial court fundamentally erred on Count 2 in failing to instruct the jury on how to consider multiple counts against a single defendant as stated in Florida Standard Jury Instruction (Criminal) 3.12(a)

4

and required by the caselaw.  We further hold the trial court fundamentally erred in instructing the jury "as a matter of procedure" how to fill out the verdict form for Count 2 based on its verdict on Count 1.

*Conclusion*

Having determined that the trial court fundamentally erred in instructing the jury for deliberation on Count 2 in a manner which violated due process, the right to a trial by jury, and the standard criminal jury instructions, we reverse Defendant's conviction and sentence on Count 2 and remand for further proceedings as to Count 2.  On all other arguments which Defendant has raised on appeal, we affirm without further discussion.

*Affirmed in part, reversed in part, and remanded for further proceedings as to Count 2.*

MAY and GERBER, JJ., concur.

\*          \*          \*

***Not final until disposition of timely-filed motion for rehearing.***