PER CURIAM.
In McKinnon v. State, 523 So.2d 1238 (Fla. 1st DCA 1988), the trial court’s imposition of sentence was reversed and remanded. Mandate in that cause was issued June 6, 1988, and the trial court resentenced appellant on June 13 in accordance with that mandate. A notice of appeal from the order of resentencing was filed June 20, 1988. On June 21, the assistant state attorney moved the trial court to vacate the new sentence on grounds that it had no jurisdiction because both state and defendant had previously petitioned the Florida Supreme Court for review of this court's earlier opinion. The trial court granted this motion on June 24.
In Everage v. State, 516 So.2d 81 (Fla. 1st DCA 1987), we held that the filing of a petition for review divested the trial court of jurisdiction in circumstances such as these. The trial court attempted to reach the correct result when it vacated its own order but the filing of the notice of appeal deprived the circuit court of jurisdiction to do so. We therefore quash the trial court’s orders of June 13 and June 24, 1988, as void for lack of jurisdiction and dismiss this appeal as moot. As in Everage, we certify the following question to be one of great public importance:
DOES THE PENDENCY OF A PETITION FOR REVIEW IN THE FLORIDA SUPREME COURT DEPRIVE THE TRIAL COURT OF JURISDICTION TO RESENTENCE A DEFENDANT PURSUANT TO THE DISTRICT COURT’S MANDATE REVERSING AND REMANDING THE CAUSE FOR RESEN-TENCING?
Appeal dismissed.
SMITH, C.J., and MILLS and NIMMONS, JJ., concur.