540 So.2d 111 (1989)
STATE of Florida, Petitioner,
v.
Webster Fleming McKINNON, Respondent.
Webster Fleming McKINNON, Petitioner,
v.
STATE of Florida, Respondent.
Webster Fleming McKINNON, Petitioner,
v.
STATE of Florida, Respondent.
Nos. 72503, 72601 and 73218.
Supreme Court of Florida.
March 16, 1989.
*112 Robert A. Butterworth, Atty. Gen. and Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for petitioner/respondent.
Michael E. Allen, Public Defender, Second Judicial Circuit, and David P. Gauldin, Sp. Asst. Public Defender, Tallahassee, for respondent/petitioner.
KOGAN, Justice.
Both Webster McKinnon and the state petition this Court to review the First District Court of Appeal's opinion in McKinnon v. State, 523 So.2d 1238 (Fla. 1st DCA 1988). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. In addition, the district court certified the following question of great public importance:
DOES THE PENDENCY OF A PETITION FOR REVIEW IN THE FLORIDA SUPREME COURT DEPRIVE THE TRIAL COURT OF JURISDICTION TO RESENTENCE A DEFENDANT PURSUANT TO THE DISTRICT COURT'S MANDATE REVERSING AND REMANDING THE CAUSE FOR RESENTENCING?
McKinnon v. State, 530 So.2d 1101, 1102 (Fla. 1st DCA 1988). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Webster McKinnon was charged with second-degree murder (count I) and display or use of a firearm during the commission of a felony (count II) for the shooting death of a patron at a bar that is owned and operated by McKinnon. As to count I, the jury convicted McKinnon of the lesser included offense of manslaughter and, as to count II, of display or use of a firearm during the commission of a felony. The verdict form as to count I contained no mention of whether the manslaughter was committed with the use of a firearm. The trial court, over McKinnon's objection, enhanced the manslaughter count, a second-degree felony, to a first-degree felony pursuant to section 775.087(1)(b), Florida Statutes (1985). That statute permits such a reclassification when the jury finds that a defendant has committed a crime using a weapon or firearm. Although the jury did not specifically state on its verdict form in count I that McKinnon had used a firearm during the commission of the manslaughter, the trial court used the firearms conviction in count II as proof that the jury had made the factual finding necessary for enhancement to a first-degree felony.[1]
*113 The district court affirmed the reclassification of the manslaughter as a first-degree felony, but vacated the firearms conviction on count II[2] and remanded the case to the trial court for resentencing pursuant to that holding. Prior to resentencing both parties petitioned this Court to review the district court opinion. The trial court, pursuant to the district court mandate, then resentenced McKinnon.
Following resentencing the state moved to vacate the new sentence claiming the trial court lacked jurisdiction during the pendency of the petition for review in the Florida Supreme Court. The trial court granted the motion and McKinnon appealed that order to the district court, which dismissed the appeal, certifying the previously stated question to this Court.
Addressing the certified question first, we hold that a party desiring a stay of mandate during the pendency of a petition for review in this Court, must apply to this Court for a stay, in accordance with Florida Rule of Appellate Procedure 9.130. Otherwise the parties and the trial court must comply with the district court mandate. Accordingly, we answer the certified question in the negative.
Turning to the substantive issue presented to us, we must determine whether the reclassification of the manslaughter conviction as a first-degree felony was proper. Disposition of this issue turns on whether there was sufficient finding that the manslaughter was committed with a firearm. As noted above, the jury did not, in its verdict form as to count I, specifically find that the manslaughter was committed with a firearm. It was only in count II that McKinnon was found guilty of having displayed or used a firearm during the commission of a felony. See Peck v. State, 425 So.2d 664 (Fla. 2d DCA 1983). It appears that the trial court inferred the requisite finding of the use or display of a firearm from the conviction on the second count of the indictment. This inference is not proper. Conviction on one count in an information may not be used to enhance punishment for a conviction on another count. Blackwelder v. State, 476 So.2d 280, 281 (Fla. 2d DCA 1985); see also Cochenet v. State, 445 So.2d 398 (Fla. 5th DCA), review denied, 453 So.2d 45 (Fla. 1984). Therefore the reclassification of the manslaughter conviction as a first-degree felony cannot stand.
Because the manslaughter conviction may not be enhanced pursuant to section 775.087(1)(b), the conviction on the firearms count does not run afoul of our decision in Carawan v. State, 515 So.2d 161 (Fla. 1987). Accordingly, we quash the district court opinion in McKinnon v. State, 523 So.2d 1238 (Fla. 1st DCA 1988). In so doing, we uphold and reinstate the firearms conviction, but vacate the sentence on the manslaughter count. Furthermore, we quash the order of the district court in McKinnon v. State, 530 So.2d 1101 (Fla. 1st DCA 1988). We remand these causes to the district court of appeal for proceedings consistent with this opinion.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT and GRIMES, JJ., concur.
NOTES
[1] Generally, when enhancement under section 775.087, Florida Statutes (1985) is possible, the verdict form to be completed by the jury contains, after the guilty verdict on the count, a box the jury must check if it finds that particular crime was committed with the use of a firearm. In this case, despite the conviction in count II (use of a firearm), the jury did not make this requisite finding with regard to count I (manslaughter).
[2] Carawan v. State, 515 So.2d 161 (Fla. 1987).