544 So.2d 243 (1989)
Rufus BOSWELL, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-1320.
District Court of Appeal of Florida, Third District.
May 2, 1989.
Rehearing Denied June 28, 1989.
*244 Bennett H. Brummer, Public Defender, and Howard F. Landau, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Joan L. Greenberg, Asst. Atty. Gen., for appellee.
Before BARKDULL, JORGENSON and LEVY, JJ.
PER CURIAM.
Rufus Boswell appeals the enhancement of his sentence. For the following reasons, we reverse and remand for resentencing.
Boswell was charged with, inter alia, first-degree murder and display of a firearm during the commission of a felony. The jury convicted Boswell of the lesser included offense of manslaughter and of the firearm count. The trial court enhanced the manslaughter count, a second-degree felony, to a first-degree felony pursuant to section 775.087(1)(b), Florida Statutes (1987), a permissible reclassification when the jury specifically finds that a defendant has committed a crime using a weapon or firearm. No such finding was made by the jury and it was error, therefore, for the trial court to infer the requisite finding based upon the firearm conviction. State v. McKinnon, 540 So.2d 111 (Fla. 1989). Conviction on one count of the indictment cannot be used to lengthen the sentence for a conviction on another count. McKinnon; Marshall v. State, 529 So.2d 797 n. 2 (Fla. 3d DCA 1988). The state's reliance upon Rios v. State, 510 So.2d 1025 (Fla. 3d DCA 1987), is misplaced in light of McKinnon.
The sentence on the manslaughter count is vacated, and the cause is reversed and remanded for resentencing.