661 So.2d 821 (1995)
STATE of Florida, Petitioner,
v.
Jeffrey Ely ROBERTS, Respondent.
No. 85909.
Supreme Court of Florida.
October 26, 1995.
Robert A. Butterworth, Attorney General; James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals and Daniel A. David, Assistant Attorney General, Tallahassee, for Petitioner.
Nancy A. Daniels, Public Defender and Carl S. McGinnes, Assistant Public Defender, Tallahassee, for Respondent.

ORDER ON MOTION TO RECALL MANDATE
PER CURIAM.
On May 18, 1995, the First District Court of Appeal rendered its opinion reversing Roberts' conviction and remanding for a new trial. The court issued its mandate on June 6, 1995. On June 16, 1995, the State timely filed a notice to invoke the discretionary jurisdiction of this Court predicated upon conflict of decisions. On June 20, 1995, the State filed in the First District Court of Appeal a motion to recall mandate. On July 10, 1995, the First District Court of Appeal denied the motion to recall mandate, specifically stating that pursuant to State v. McKinnon, 540 So.2d 111 (Fla. 1989), a party desiring stay of mandate during the pendency of a petition for review in this Court must apply to this Court for the stay. The State has now filed a motion with this Court seeking a stay and requiring the First District Court of Appeal to withdraw its mandate pending disposition of the notice to invoke the discretionary jurisdiction of this Court.
We have chosen to publish this order in order to clarify our opinion in McKinnon. Our opinion in McKinnon contained language indicating that a party desiring a stay of mandate during the pendency of a petition for review in this Court must apply to this Court for a stay. However, the issue in that case was not where the motion for stay should be filed. Rather, the holding in that case was that the pendency of a petition for review in this Court did not deprive the trial *822 court of jurisdiction to resentence a defendant pursuant to the district court's mandate which had reversed and remanded the case for resentencing.
While a motion for stay and to recall a mandate may be filed in this Court, it may also be filed in the district court of appeal. The fact that a notice to invoke the discretionary jurisdiction of this Court has already been filed does not deprive the district court of appeal of jurisdiction to rule upon the motion. This is explained in Florida Rule of Appellate Procedure 9.310(a), which reads as follows:
(a) Application. Except as provided by general law and in subdivision (b) of this rule, a party seeking to stay a final or non-final order pending review shall file a motion in the lower tribunal, which shall have continuing jurisdiction, in its discretion, to grant, modify, or deny such relief. A stay pending review may be conditioned on the posting of a good and sufficient bond, other conditions, or both.
(Emphasis added.)
Generally speaking, this Court prefers that the motion for stay be filed in the district court of appeal because at that stage of the case the district court ordinarily will be better informed concerning the case and thereby better able to predict the likelihood of this Court's accepting jurisdiction. Therefore, we recede from McKinnon to the extent that it suggests that the filing of a notice to invoke discretionary jurisdiction precludes the district court of appeal from entertaining a motion to stay or withdraw its mandate.
Because there is a reasonable possibility that this Court will accept jurisdiction in this case and perhaps obviate the necessity for a new trial, we hereby grant the State's motion and direct the district court of appeal to withdraw its mandate pending consideration of the notice to invoke this Court's discretionary jurisdiction.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.