689 So.2d 1118 (1997)
Wilbur Leroy MITCHELL, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 95-2849, 95-808.
District Court of Appeal of Florida, Third District.
February 12, 1997.
Rehearing Denied April 9, 1997.
*1119 Bennett H. Brummer, Public Defender, and J. Rafael Rodriguez, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Cynthia A. Greenfield, Assistant Attorney General; Katherine Fernandez Rundle, State Attorney, and Paul Mendelson, Assistant State Attorney, for appellee.
Before JORGENSON and SHEVIN, JJ., and BARKDULL, Senior Judge.
SHEVIN, Judge.
Wilbur Leroy Mitchell appeals convictions and sentences for manslaughter of a police officer with a firearm and for possession of a firearm by a convicted felon. We affirm.
Mitchell was charged, inter alia, with first degree murder of Officer Evelyn Gort and possession of a firearm by a convicted felon. The charges against Mitchell stemmed from an incident involving Gort, a Metro-Dade police detective, and her friend, Antonio Calafell. Gort was off-duty and not in uniform when the incident occurred. The testimony revealed that on the night of the incident, Gort and Calafell were standing by Calafell's car when Calafell noticed someone coming at them with a gun. Calafell gave the assailant the money in his pocket and his keys, with a remote trunk opener. As Calafell stepped back and turned towards the car trunk, he heard three gun shots; Gort stumbled towards him saying she had been shot. Calafell described the assailant as an African-American male with a white t-shirt and bermuda shorts. Three spent casings and the remote trunk opener were recovered in the vicinity of Calafell's car. The remote trunk opener was damaged and had gunshot particles consistent with particles from Gort's gun.
Mitchell was apprehended at a nearby hospital where he went for treatment of a gunshot wound. The apprehension was based on Calafell's identification of Mitchell's white t-shirt as the one the assailant wore. The evidence introduced at trial demonstrated that the bullet removed from Mitchell's abdomen came from Gort's gun. In addition, the bullet had damage consistent with having hit the remote trunk opener upon striking Mitchell. Hand swab tests of Mitchell's hands revealed that he had fired a gun.
The court severed the possession of a firearm by a convicted felon charge from the remaining charges. Mitchell pled nolo contendere to the charge,[1] and he was sentenced to ten years in prison as a habitual offender. Mitchell reserved the right to appeal the denial of his motion to dismiss this charge and appealed this conviction.
After trial, on a special verdict form, the jury found Mitchell guilty of manslaughter, a second degree felony, § 782.07, Fla. Stat. *1120 (1993), a lesser included offense of first degree murder; that Mitchell possessed a firearm; and that Gort was acting within the scope of her duties as a law enforcement officer.[2] Based on the jury's firearm possession finding, the trial court reclassified the manslaughter conviction to a first degree felony pursuant to section 775.087(1)(b), Florida Statutes (1993), and sentenced Mitchell to life in prison as a habitual offender under section 775.084(4), Florida Statutes (1993).[3] Mitchell appealed this conviction also.
We affirm the court's reclassification of the manslaughter conviction to a first degree felony for the use of the firearm. Defense counsel did not object to the jury instructions on manslaughter with a firearm as a lesser included offense, did not object to the verdict form, and did not raise any objection at the time of the conviction. Therefore, as a threshold issue, we do not find that fundamental error has occurred. Mitchell has not been convicted of an offense greater in degree or penalty than the charged offense. Cox v. State, 530 So.2d 464 (Fla. 5th DCA 1988)(citing Cochenet v. State, 445 So.2d 398 (Fla. 5th DCA), review denied, 453 So.2d 45 (Fla.1984), and Colwell v. State, 448 So.2d 540 (Fla. 5th DCA 1984)).
Additionally, the jury expressly found that the crime was committed with a firearm. It is well settled that
before a trial court may enhance a defendant's sentence or apply the mandatory minimum sentence for use of a firearm, the jury must make a finding that the defendant committed the crime while using a firearm either by finding him guilty of a crime which involves a firearm or by answering a specific question of a special verdict form so indicating.

State v. Overfelt, 457 So.2d 1385, 1387 (Fla.1984)(emphasis added). The proper outcome in this case is suggested by State v. McKinnon, 540 So.2d 111 (Fla.1989), receded from on other grounds, State v. Roberts, 661 So.2d 821 (Fla.1995). McKinnon was charged with second degree murder and convicted of the lesser included offense of manslaughter. Despite McKinnon's objections, the court enhanced the manslaughter conviction, a second degree felony, to a first degree felony pursuant to section 775.087. However, in McKinnon, the jury's manslaughter verdict lacked a finding that McKinnon committed the offense with a firearm. McKinnon held that the enhancement was improper because "the jury did not, in its verdict form as to [this count], specifically find that the manslaughter was committed with a firearm." McKinnon, 540 So.2d at 113.
Mitchell argues that the trial court may not base a finding of use or display of a firearm by inference from a conviction on another count or from the remaining charges. Even if correct, no such inference occurred in this case. The jury convicting Mitchell specifically found on the verdict form that a firearm was used as to this charge. "[T]he question of whether an accused actually possessed a firearm while committing a felony is a factual matter properly decided by the jury. The special verdict formnot allegations in an informationindicates when a jury finds a weapon has been used." State v. Tripp, 642 So.2d 728, 730 (Fla.1994) (citation omitted)(quoting Overfelt, 457 So.2d at 1387). The enhancement was proper.
As to Mitchell's second argument, we find no abuse of discretion in admitting the Metro-Dade Police Department Manual into evidence to demonstrate that the victim, a *1121 police officer, was under a duty to apprehend felons at all times. See State v. Robinson, 379 So.2d 712 (Fla. 5th DCA), cert. denied, 388 So.2d 1117 (Fla.1980).
We find no reversible error in the trial court's instruction to the jury that the State need not prove that Mitchell knew Gort was a law enforcement officer at the time of the incident. Applying the reasoning in Evans v. State, 625 So.2d 915 (Fla. 1st DCA 1993), and Carpentier v. State, 587 So.2d 1355 (Fla. 1st DCA 1991), review denied, 599 So.2d 654 (Fla.1992), we hold that section 775.0823, Florida Statutes, does not require that the perpetrator know the victim's status as a law enforcement officer. See Thompson v. State, 667 So.2d 470 (Fla. 3d DCA), review granted, 675 So.2d 931 (Fla.1996). Moreover, despite being charged under this statute, the trial judge did not enhance the conviction based on the victim's status.
We find no merit to Mitchell's argument that the court should have granted his motion for judgment of acquittal on the first degree murder charge. A motion for judgment of acquittal should only be granted "if the state fails to present evidence from which the jury can exclude every reasonable hypothesis except that of guilt." State v. Law, 559 So.2d 187, 188 (Fla.1989). That was not the case here; the trial court did not err in denying the motion.
As to the issue raised in Mitchell's consolidated appeal, we are unpersuaded by his assertion that his conviction for possession of a firearm by a convicted felon violates double jeopardy. Mitchell argues that despite this conviction, his manslaughter conviction was enhanced for the use of a firearm, and he was habitualized based on his prior convictions. The offenses of manslaughter, § 782.07, Florida Statutes (1993), and possession of a firearm by a convicted felon, § 790.23(1), Florida Statutes (1993), are separate offenses. Each offense requires proof of an element that the other does not. State v. Craft, 22 Fla. L. Weekly S3 (Fla. Dec. 26, 1996). There is no violation of Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Mitchell was not placed in double jeopardy. § 775.021(), Fla. Stat. (1993).
Based on the foregoing, the convictions and sentences are hereby affirmed.
NOTES
[1] The judgment of conviction incorrectly states that Mitchell pled guilty to this charge. The judgment is hereby corrected to reflect Mitchell's nolo contendere plea.
[2] The verdict form, in pertinent part, reads:

We, the jury, find as follows:
 Count I
 ...
 X d. The defendant is guilty of
 manslaughter, a lesser included offense.
 [X] The defendant carried a firearm
 [ ] The defendant did not carry a
 firearm
 [X] The killing arose out of or in
 the scope of Evelyn Gort's
 duty as a law enforcement officer
 [ ] The killing did not arise out of
 or in the scope of Evelyn
 Gort's duty as a law enforcement
 officer

[3] The court did not impose a minimum mandatory sentence under section 775.0823(4), Florida Statutes, for manslaughter of a law enforcement officer.