HARRIS, J.,
concurring and concurring specially.
In order to properly understand this concurring opinion, it will be necessary to review Jenkins v. State, 747 So.2d 997 (Fla. 5th DCA 1999), in which the majority upheld the conviction for armed robbery based on the defendant’s “carrying” a vehicle during the commission of the robbery. In Jenkins, appellant was the passenger in an automobile from which he reached through the window and grabbed the victim’s purse. In the course of “robbing” the victim, appellant caused the victim to fall and suffer injuries.
In the present case, we have Jenkins’ companion, the driver of the “weapon.” Here, however, although the driver was charged with armed robbery, the jury would not accept the argument that an automobile qualified as a “deadly weapon” “carried” by the offender “in the course of committing the robbery” and convicted her instead of simple robbery. See section 812.13(2)(a), Fla. Stat. (1999). In another count, appellant was properly convicted of aggravated battery as a principal.
The issue here on appeal is whether the court erred in enhancing Haydon’s robbery conviction from a second degree felony to a first degree felony under section 775.087(1), Florida Statutes, based on the aggravated battery conviction in the other count. There are three reasons why the court erred.
First, as pointed out by the majority, the enhancement is in conflict with McKinnon v. State, 540 So.2d 111 (Fla.1989). Further, in my view, it is prohibited by section 775.087 itself. By its terms, this section does not apply when the “use of a weapon” is an essential element of the charged felony. Hence, we must look at the charge, not the conviction, to see if the enhancing statute applies. Since Haydon was charged with being a “principal to armed robbery by use of a deadly weapon,” her conviction may not be enhanced under such statute. Interestingly, but inapplicable to this case because of its effective date, the legislature has now made it clear, by the passage of section 812.131, Florida Statutes, (robbery by sudden snatching), that even if a “deadly weapon” is “carried” in the course of a purse snatching, the maximum penalty for this crime is that of a second degree felony.
*786 Finally, the court’s enhancement based on the additional aggravated battery conviction, in effect, converts the jury’s conviction of simple robbery into a conviction of robbery with an aggravated battery. Thus the issue is whether the court may properly enhance on one count and punish separately on another count the same aggravated battery. In my view, the aggravated battery sought to be used as an enhancer to the robbery count has been subsumed by the aggravated battery conviction in the other charge.