812 So.2d 549 (2002)
Albert HENLY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-2176.
District Court of Appeal of Florida, Fifth District.
March 28, 2002.
*550 Michael W. Johnson, Ocala, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Schumann, Assistant Attorney General, Daytona Beach, for Appellee.
HARRIS, J.
Henly went on a shooting rampage in a bar and, along with others, was himself shot. His only issue which we find to have merit is that his sentence on the charge of aggravated battery with a firearm was impermissibly enhanced since the jury failed to find the requisite conditions precedent for such sentence.
Henly's sentence was enhanced under the provisions of section 775.087(2)(a)3, Florida Statutes:
Any person who is convicted of [aggravated battery with a firearm among other felonies] ... and during the course of the commission of the felony such person discharged a "firearm" or "destructive device" ... and, as a result of the discharge, death or great bodily harm was inflicted upon any person, the convicted person shall be sentenced to a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison.
Clearly, this provision requires that a finding be made that defendant, during the commission of the aggravated battery, discharged a firearm causing at least great bodily harm to someone before the enhanced sentence is applicable. The issue is whether it is the jury which must make this finding or whether the sentencing judge, from a review of the evidence, may do so. We find under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), as the State seems to concede, that this obligation falls to the jury.
The State suggests that the jury in fact made this determination by finding defendant guilty of aggravated battery with a firearm. We agree that Henly's conviction for aggravated battery with a firearm is a sufficient jury determination that Henly possessed a firearm and that his conviction for shooting within an occupied structure is a sufficient jury finding that he fired that firearm. But neither conviction is a sufficient jury finding that the use of the firearm caused great bodily harm to any person. Even the information charges only bodily harm and not "great" bodily harm. Further, aggravated battery can be proved either by showing great bodily harm or use of a deadly weapon. Hence, great bodily harm was neither alleged nor necessarily found by the jury. Both Cameron v. State, 804 So.2d 338 (Fla. 4th DCA 2001), and Tucker v. State, 726 So.2d 768 (Fla.1999), are distinguishable.
We stated in McCloud v. State, 803 So.2d 821 (Fla. 5th DCA 2001)(enbanc), that Apprendi does not apply unless the statutory maximum sentence is being exceeded. Although some take the position that a statutory maximum which cannot be applied because of guideline sentencing statutes' restrictions is like a mirage in that it has no substance, still we are bound by McCloud. But it does not matter in this case because the statutory maximum *551 for a second degree felony was almost doubled.
We affirm the conviction but reverse the sentence on the aggravated battery with a firearm charge and remand for resentencing.
AFFIRMED in part; REVERSED in part, and REMANDED for resentencing.
COBB and GRIFFIN, JJ., concur.