833 So.2d 841 (2002)
Tyra AMOS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 4D00-3800, 4D01-4372.
District Court of Appeal of Florida, Fourth District.
December 18, 2002.
Rehearing Denied January 16, 2003.
Maria Lorts Sachs of Sachs, White, Augspurger & Associates, Boca Raton, and *842 Julie Prag Vianale of the Law Office of Julie Prag Vianale, Boca Raton, for appellant.
Richard E. Doran, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
GUNTHER, J.
Defendant Tyra Amos ("Amos") appeals her conviction for aggravated battery with a firearm and the denial of her Rule 3.800 motion to correct an illegal sentence. The State charged Amos by information with attempted first-degree murder "by shooting JOHN MILLION ["Million"] with a firearm." Amos admitted she shot Million, but claimed self-defense. She and Million had been romantically involved, and the record reveals a history of physical violence between them.
The jury returned a verdict of "[g]uilty of Aggravated Battery with a Firearm, a lesser included offense, as contained in the Information." The jury answered yes to the sole special interrogatory `We find the defendant actually possessed a firearm?'
Amos's conviction yielded a sentencing range of 51.15 months at minimum and fifteen years at maximum. Relying on section 775.087(2)(a)3, Florida Statutes,[1] however, the trial court enhanced Amos's sentence to the minimum twenty-five-year sentence for discharge of a firearm causing great bodily harm.
Amos claims her sentence is illegal because the jury did not make specific findings that 1) she discharged a weapon, and 2) such discharge caused great bodily harm, which findings are necessary to trigger an enhancement under section 775.087(2)(a)3. Although her argument regarding the discharge of a weapon lacks merit, we agree that her enhanced sentence violates her due process rights because the enhancing factor of great bodily harm was not found beyond a reasonable doubt by the jury. See Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Under Apprendi, when a fact other than a prior conviction is used to enhance a defendant's sentence beyond the statutory maximum for the crime of which he is convicted, that fact must have been submitted to the jury and found beyond a reasonable doubt. Apprendi, 530 U.S. at 490, 120 S.Ct. 2348.
As to the fact of discharging a firearm, the record in this case indicates that this fact was submitted to the jury, and the jury found beyond a reasonable doubt that Amos discharged a firearm. The jury convicted Amos of "[a]ggravated Battery with a Firearm, a lesser included offense, as contained in the Information." Because the information accused Amos of "shooting JOHN MILLION with a firearm" and the verdict specifically refers to the information, and because Amos was convicted of aggravated battery with a firearm, the finding that Amos discharged a weapon is inherent in the jury's verdict. Cameron v. State, 804 So.2d 338, 344 n. 11 (Fla. 4th DCA 2001) (rejecting Apprendi challenge for lack of a specific finding of death or injury when such finding was inherent in the conviction for manslaughter) (citing Tucker v. State, 726 So.2d 768 (Fla.1999) *843 (holding that jury verdict of `guilty of attempted first-degree murder with a firearm' supported enhanced sentence for use of a firearm)).
Even if the question of Amos's discharge of a firearm were not submitted to and found by the jury, Amos did not deny shooting Million, but claimed it was in self-defense. In a sworn statement to police she admitted shooting Million in the back, and in closing argument her attorney told the jury that whether Amos shot Million was not an issue in the case, because she "is not, nor has she ever denied that she shot John Million." Thus, Amos cannot now challenge whether the fact that she discharged a firearm was found beyond a reasonable doubt by the jury. See Hindenach v. State, 807 So.2d 739, 743 (Fla. 4th DCA (2002) (defendant who pled nolo contendere to DUI charges admitted the fact of causing serious bodily injury, and Apprendi does not require a jury to find beyond a reasonable doubt, for the purpose of sentencing, such admitted facts).
The remaining question, then, is whether the fact that the discharge caused great bodily harm was submitted to the jury and found beyond a reasonable doubt. This issue was addressed in Henly v. State, 812 So.2d 549 (Fla. 5th DCA 2002). Henly was charged as the result of a shooting rampage in a bar in which he shot several people, including himself. Henly, 812 So.2d at 550. Henly's sentence was enhanced, just as Amos's was, under section 775.087(2)(a)3. Id. Citing Apprendi, Henly challenged the enhancement, on the ground that the jury did not make specific findings that he discharged a firearm causing great bodily harm. Id.
The Henly court rejected the State's argument that the jury's finding of aggravated battery with a firearm was also a finding of great bodily harm. Id. In holding that Henly's sentence violated Apprendi, the court relied on two facts: the information did not allege great bodily harm, and aggravated battery can be proved either by showing great bodily harm or by showing the use of a deadly weapon. Id. Because there was nothing in the information or verdict to indicate which basis the jury actually convicted upon, great bodily harm was not necessarily found by the jury. Id.
We agree with our sister court's reasoning and apply the same. The record in this case does not persuade us that the question of great bodily harm was even submitted to the jury, much less found beyond a reasonable doubt. There was no special interrogatory addressing great bodily harm, and both the information and verdict form are silent as to that fact. Therefore, there can be no inference that Amos's conviction rests upon a finding of great bodily harm. In fact, the verdict form's reference to the information, which states that Amos shot Million, strongly supports the inference that the aggravated battery conviction rests solely upon the jury's finding of the use of a firearm.
Because we conclude that the jury did not find that the shooting caused great bodily harm, the enhancement of Amos's sentence beyond the statutory maximum for aggravated battery violates Apprendi. Accordingly, we reverse Amos's sentence and remand for resentencing.
Because we find Amos's remaining points with regard to her conviction to be without merit, we affirm her conviction without prejudice to pursue her ineffectiveness of counsel claim through a Rule 3.850 motion.
AFFIRMED in part, REVERSED in part, and REMANDED for resentencing.
POLEN, C.J., and MAY, J., concur.
NOTES
[1] "Any person who is convicted of a felony or an attempt to commit a felony listed in sub-paragraphs(a)1. 1.-q., regardless of whether the use of a weapon is an element of the felony, and during the course of the commission of the felony such person discharged a "firearm" or "destructive device" as defined in s. 790.001 and, as the result of the discharge, death or great bodily harm was inflicted upon any person, the convicted person shall be sentenced to a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison." § 775.087(2)(a)3, Fla. Stat. (2000).