FLETCHER, Judge.
Ronnie Steven Santana appeals from a final order of conviction and the trial court’s subsequent denial of his motion to correct an illegal sentence. We affirm the convictions but reverse the order denying Santana’s motion to correct an illegal sentence.
Santana was charged in Count One of attempted first degree murder by discharging a firearm, and in Count Two of unlawfully shooting into an occupied vehicle. As to Count One, the verdict form shows that the jury found Santana guilty of “aggravated battery, as a lesser included offense, with a firearm.” § 784.045(l)(a)2., Fla. Stat. (1999). As to Count Two, the jury indicated on the verdict form that Santana was also “guilty of shooting or throwing [a] deadly missile, the crime charged.” § 790.19, Fla. Stat. (1999). At the hearing on Santana’s motion to correct an illegal sentence, the trial court correctly concluded that, as the jury had not specifically found “as a result of discharge, death of great bodily harm was inflicted,” the twenty-five year mandatory minimum sentence originally imposed pursuant to section 775.087(2)(a)3., Florida Statutes (1999),[1] was not proper. See Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (any fact other than a prior conviction used to enhance a defendant’s sentence beyond the statutory maximum for the crime of which s/he is convicted must be submitted to the jury and found beyond a reasonable doubt), and progeny. The trial court went on to conclude that the jury’s finding in Count Two that Santana was guilty of *956 throwing or shooting a deadly missile could be used to infer a finding of discharge of the weapon for purposes of enhancing the sentence in Count One for aggravated battery with a firearm, pursuant to section 775.087(2)(a)2, Florida Statutes (1999).[2]
Section 775.087(2)(a), Florida Statutes (1999) provides three levels of mandatory minimum sentence depending on the fact-based distinctions of “possession,” “discharge,” or “as a result of discharge, death or great bodily harm was inflicted.” § 775.087(2)(a)l-3, Fla. Stat. (1999). These distinctions have the significant legal consequence of receiving either a ten, twenty, or 25-year-to-life mandatory minimum sentence. The rule in Florida is that before the trial court can enhance a defendant’s sentence or apply the mandatory minimum sentence, even in cases where the evidence is uncontroverted, the jury must still expressly determine the requisite statutory fact necessary for application of the mandatory minimum sentence. See State v. Overfelt, 457 So.2d 1385 (Fla.1984) (the jury must specifically find that the defendant committed the crime while possessing or using a firearm either by finding him guilty of a crime involving a firearm or by answering a specific question on a verdict form); see also Tucker v. State, 726 So.2d 768 (Fla.1999); State v. Hargrove, 694 So.2d 729 (Fla.1997); State v. Tripp, 642 So.2d 728 (Fla.1994).
Applying this reasoning, the trial court should have found that the statute mandating a twenty year minimum sentence for “discharge” of a firearm during an aggravated battery was inapplicable as the jury made no specific finding that Santana had discharged the weapon as charged in Count One of the information. See § 775.087(2)(a)2, Fla. Stat. (1999). The Florida Supreme Court has found it improper to infer a requisite finding for enhancement of one count from the conviction on the second count of the indictment. State v. McKinnon, 540 So.2d 111 (Fla.1989), receded from on other grounds, State v. Roberts, 661 So.2d 821 (Fla.1995); Boswell v. State, 544 So.2d 243 (Fla. 3d DCA 1989)(Error for the trial court to infer the requisite finding for enhancement based on conviction of a separate count).
The most that can be inferred from this verdict form as written is that Santana possessed the weapon when he committed the aggravated battery. See § 775.087(2)(a)l., Fla. Stat. (1999).[3] The verdict form did not specifically provide that Santana discharged the weapon, neither did it make any reference to the charging document. See Tucker v. State, 726 So.2d 768 (Fla.1999)(“Even where the use of a firearm is uncontested, the overriding concern of Overfelt still applies: the jury is the fact finder, and use of a firearm is a finding of fact. If the State wishes to guard against the recurrence of a situation such as in the instant case, it is in a position to do so: it has the right to propose an interrogatory on the verdict form asking whether or not the jury finds the defendant guilty of a crime involving use of *957 a firearm. There was no such finding in this case. Also, this case does not involve a verdict of guilty “as charged,” where the charge was a crime using a firearm. Such a verdict would specifically incorporate the finding.”); Compare Tripp, 642 So.2d at 730 (a jury’s verdict that the defendant is guilty of “charges made against him in the Information” is insufficient to establish that a weapon was used, even if the information alleges that the defendant used a weapon during commission of the crime); but see Amos v. State, 833 So.2d 841 (Fla. 4th DCA 2002)(applying enhanced sentence for “discharge” of weapon was proper because verdict form’s reference to the information strongly supports inference that the conviction for aggravated battery in count one rests solely on the jury’s finding of use of firearm in count two; finding that the defendant discharged a weapon is inherent in jury’s verdict).
Because the verdict form as to Count One failed to contain a specific finding that Santana discharged the firearm,, or to make a specific reference to the information, the trial court erred by imposing the twenty-year mandatory minimum sanction applicable to felonies in which a weapon was not only possessed but “discharged.” See § 775.087(2)(a)2, Fla. Stat. (1999). We affirm the convictions but reverse and remand for resentencing on Count One only, with directions to sentence Santana pursuant to section 775.087(2)(a)l, Florida Statutes (1999), for the conviction of aggravated battery with a firearm.
We also certify conflict with Amos v. State, 833 So.2d 841 (Fla. 4th DCA 2002).
Affirmed in part, reversed and remanded in part, conflict certified.

. "Any person who is convicted of a felony or an attempt to commit a felony listed in sub-subparagraphs (a)l.a-q, regardless of whether the use of a weapon is an element of the felony, and during the course of the commission of the felony such person discharged a "firearm” or "destructive device” ... and, as a result of the discharge, death or great bodily harm was inflicted upon any person, the convicted person shall be sentenced to a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison.”

. "Any person who is convicted of a felony or an attempt to commit a felony listed in sub-subparagraphs (a)l a-q, regardless of whether the use of a weapon is an element of the felony, and during the course of the commission of the felony such person discharged a 'firearm' or 'destructive device’ ... shall be sentenced to a minimum term of imprisonment of 20 years.”

. "Any person who is convicted of a felony ... and during the commission of the offense, such person actually possessed a 'firearm' ... shall be sentenced to a minimum term of imprisonment of 10 years....”