SUAREZ, J.
 

 The defendant, Juan Delgado, appeals a statutory ten-year minimum mandatory sentence for two counts of armed robbery with a firearm. We affirm the conviction and sentence on each count of armed robbery including the ten-year minimum mandatory for actually possessing a firearm in violation of section 775.087(2), Florida Statutes (2005).
 

 The defendant contends on appeal that, because the charging information does not necessarily include Delgado as possessing a firearm in the commission of the robbery, the information is not specific enough to support the application of the ten-year minimum mandatory enhancement. We disagree.
 

 An information is fundamentally defective only where it totally omits an essential element of the crime or is so vague, indistinct or indefinite that the defendant is misled or exposed to double jeopardy. Fla. R.Crim. P. 3.140;
 
 State v. Dilworth,
 
 397 So.2d 292 (Fla.1981);
 
 Bradley v. State,
 
 971 So.2d 957 (Fla. 5th DCA 2007), approved, 3 So.3d 1168 (Fla.2009). “The test for granting relief based upon a defect in the charging document is actual prejudice.”
 
 State v. Gray,
 
 435 So.2d 816, 818 (Fla.1983).
 

 Juan Delgado and a codefendant were charged in one information with committing two counts of armed robbery with a firearm or destructive device in violation of sections 812.13(2)(A), 775.087 and 777.011, Florida Statutes (2005), as follows:
 

 [[Image here]]
 

 COUNT 1
 

 ROLANDO PEREZ and JUAN EL-IECER DELGADO, on or about June 30, 2007, in the County and State aforesaid, did unlawfully, by force, violence, assault or putting in fear, take certain property, to wit: PURSE and/or JEWELRY and/or CREDIT CARDS and/or CELLULAR TELEPHONE, said property being the subject of larceny, and of the value of more than three hundred dollars ($300.00), the property of MARIA ZALDIVAR, as owner or custodian, from the person or custody of MA
 
 *134
 
 RIA ZALDIVAR, with the intent to temporarily or permanently deprive the above-named owner(s) or custodian(s) of the said property, and during the commission of the offense, said defendant possessed a firearm or destructive device in violation of s. 812.13(2)(A) and 775.087 and s. 777.011, Fla. Stat., contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.
 

 COUNT 2
 

 And the aforesaid Assistant State Attorney, under oath, further information makes ROLANDO PEREZ and JUAN ELIECER DELGADO, on or about June 30, 2007, in the County and State aforesaid, did unlawfully, by force, violence, assault or putting in fear, take certain property, to wit: JEWELRY, said property being the subject of larceny, and of the value of less than three hundred dollars ($300.00), the property of JOSE ZALDIVAR, as owner or custodian, from the person or custody of JOSE ZALDIVAR, with the intent to temporarily or permanently deprive the above-named owner(s) or custodian(s) of the said property, and during the commission of the offense, said defendant possessed a firearm or destructive device in violation of s. 812.13(2)(A) and 775.087 and s. 777.011, Fla. Stat., contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.
 

 Section 775.087(2), Florida Statutes (2005) states that a person convicted of a felony, who, during the commission of the felony, “actually possesses] a firearm or destructive device ... shall be sentenced to a minimum term of imprisonment of 10 years.” To enhance a defendant’s sentence by means of a statute containing a minimum mandatory, the information must clearly charge the grounds for enhancement.
 
 See State v. Rodriguez,
 
 602 So.2d 1270 (Fla.1992). Here, the caption of the information designates Rolando Perez as the “A” defendant and Juan Delgado as the “B” defendant. Defendants “A” and “B” are listed under Counts 1 and 2, showing that Counts 1 and 2 charge both defendants with the possession of a firearm in the commission of the robbery. The robbery with a firearm charges therefore apply to both defendants.
 

 The text of the information refers to both defendants by name, and charges that “said defendant possessed a firearm or destructive device in violation of s. 812.13(2)(A) and 775.087 and s. 777.011, Fla. Stat.” The phrase, “said defendant,” likewise applies to both defendants since, under Florida law, the singular form of a phrase includes the plural form. In this case, the phrase, “said defendant,” includes the phrase, “said defendants.” § 1.01, Fla. Stat. (2009) (“In construing the statutes in each and every word, phrase or paragraph, where the context will permit: (1) the singular includes the plural and vice ver-sa.”). Therefore, the minimum mandatory provisions of section 775.087(2) apply to both defendants. The information sufficiently alleges the essential elements of armed robbery, adequately advises the defendant of the charges against him,
 
 see Price v. State,
 
 995 So.2d 401 (Fla.2008), and is sufficiently clear to charge the grounds for enhancement.
 
 See
 
 § 775.087(2), Fla. Stat. (2005);
 
 Rodriguez,
 
 602 So.2d at 1270.
 

 A jury found Juan Delgado guilty of two counts of armed robbery. The trial judge sentenced Delgado to twenty years in prison with a ten-year minimum mandatory for the actual possession of a firearm followed by twenty-years probation.
 
 [1]
 
 The
 
 *135
 
 jury heard testimony from one of the victims that each assailant had a gun. Delgado defended on grounds that he was not at the scene of the robbery and did not have a gun. Without defense objection, the jury was instructed on armed robbery, including the charge for principals. Defense counsel even acknowledged that the jury would be charged with the responsibility of deciding if Delgado actually possessed a firearm. Again, without objection, verdict forms with blanks to indicate if a firearm was actually possessed were submitted for each defendant. On the verdict form for Juan Delgado, the jury found that Juan Delgado was guilty of robbery with a firearm and that he actually possessed a firearm. On the verdict form for the codefen-dant, the jury found that Rolando Perez was guilty of robbery with a firearm but that he did
 
 not
 
 actually possess a firearm. There was no objection to the form or to the verdict. Delgado was convicted of two counts of armed robbery and found to have been in actual possession of a firearm.
 

 There was no question that the defendant knew he was being charged with actual possession of the firearm based on his defense. The jury's specific finding of actual possession negates Delgado’s defense that he was not at the scene and did not have a gun. The specific finding by the jury of actual possession demonstrates that the evidence fully supported the charges against Delgado. Moreover, defense counsel acquiesced in the jury instructions, the specific questions on the verdict form and in the verdict.
 

 No prejudice has been shown by the defendant.
 
 See Dilworth,
 
 397 So.2d at 292;
 
 Mitchell v. State,
 
 689 So.2d 1118 (Fla. 3d DCA 1997) (holding that special verdict form, not allegations in an information, indicates when a jury finds that a weapon has been used). Based on the evidence before the jury and the agreed-to jury instructions, the jury specifically found that Juan Delgado actually possessed a firearm in commission of the robbery. Because the information was sufficiently clear to charge the defendant with actual possession of the firearm and because the necessarily required finding of actual possession of the firearm was made, as reflected in the jury’s verdict, we affirm the defendant’s sentence including the ten-year minimum mandatory.
 
 Rodriguez; Thompson v. State,
 
 862 So.2d 955 (Fla. 2d DCA 2004);
 
 Mitchell.
 

 Affirmed.
 

 [1]
 

 . Delgado moved to correct his sentence. The trial court in part granted the motion and
 
 *135
 
 imposed a separate sentence for each count. It denied the motion in part and upheld the ten-year minimum mandatory.