DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROGYNE O'NEAL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-472

[June 17, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Laura Johnson, Judge; L.T. Case No. 01CF004304AMB.

Carey Haughwout, Public Defender, and Benjamin Eisenberg, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Heidi Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant appeals from the circuit court's order resentencing him to a mandatory minimum forty years in prison under section 775.082(1)(b)1., Florida Statutes (2018), for first degree murder with a firearm, and a concurrent forty years in prison for robbery with a firearm. The defendant argues the circuit court erred in resentencing him under section 775.082(1)(b)1. on the first degree murder conviction for two reasons: (1) the jury never specifically found he killed, attempted to kill, or intended to kill the victim, and (2) due to conflicting evidence about whether he or the other robber was the shooter, the record does not demonstrate beyond a reasonable doubt that a rational jury would have found the defendant actually killed, intended to kill, or attempted to kill the victim. The defendant further argues that because the circuit court may have based the robbery conviction's forty-year sentence on the first degree murder conviction's mandatory minimum forty-year sentence, he is entitled to another resentencing on the robbery conviction as well.

We agree with both of the defendant's arguments. Therefore, we reverse the defendant's sentences on both counts, and remand for resentencing.

### *Procedural History*

In 2001, the defendant, then seventeen years old, was indicted on one count of first degree murder with a firearm and one count of robbery with a firearm. The first degree murder indictment alleged:

> [O]n or about or between the March 20, 2001 and March 21, 2001, [the defendant] did unlawfully from a premeditated design to effect the death of a human being, kill and murder [the victim], a human being, by shooting him, and in the commission of said offense did use and have in his possession a handgun, a firearm as defined in Florida Statute 790.001(6), contrary to Florida Statute 782.04(1)(a)1 and 2, 775.087(1),(2), and 777.011. (CAPITAL FEL)

On the night of the incident, the victim's cousin told police that he and the victim were walking down the street when two men came up from behind to rob them. The shorter of the two men had a gun, and the taller of the two men stole the victim's jewelry. After the men took the jewelry and began walking away, the victim yelled at the men. According to the victim's cousin, the shorter man with the gun turned and approached the victim. At that point, the victim's cousin jumped over a nearby wall, heard gunshots, and called 911. The victim's cousin returned to the scene and found the victim shot to death.

The police later developed the defendant as a suspect, and showed the victim's cousin a photo array which included the defendant's photo. The victim's cousin identified the defendant as the shooter.

After the police arrested the defendant, he admitted he was one of the robbers, but said the other robber was the shooter. The police then arrested the other robber, and showed the victim's cousin a second photo array which included the other robber's photo. The victim's cousin said the other robber looked like the man who took the victim's jewelry, but he could not be absolutely positive.

At some point during the investigation, however, the police noted a contradiction between the victim's cousin's statement from the night of the incident, identifying the shorter man as the shooter, and his later photo identifications of the two men, when he identified the defendant as the shooter. The defendant was the taller 6'1" while the other robber was the shorter 5'9".

2

At the close of evidence, the trial court granted the state's request to instruct the jury that, on the first degree murder with a firearm count, the defendant could be found guilty in one of two ways: if the state had proven "[the defendant] was the person who actually killed [the victim] **_or_** [the victim] was killed by a person other than [the defendant] but both [the defendant] and the person who killed [the victim] were principals in the commission of robbery with a firearm or robbery." (emphasis added).

On the first degree murder with a firearm count, the verdict form asked the jury by a "yes" or "no" question if the defendant was guilty of "first degree murder (firearm), *as charged in the indictment.*" (emphasis added). The jury checked "yes." However, the verdict form <u>did not</u> ask the jury, if it answered "yes" to the first question, whether "[the defendant] was the person who actually killed [the victim] **_or_** [the victim] was killed by a person other than [the defendant] but both [the defendant] and the person who killed [the victim] were principals in the commission of robbery with a firearm or robbery." (emphasis added).

On the robbery with a firearm count, the verdict form asked the jury by a "yes" or no" question if the defendant was guilty of robbery with a firearm. The jury checked "yes." Under that count, the jury also checked "yes" to a special interrogatory stating: "We find that as a result of the discharge of the firearm by [the Defendant] ... death or great bodily harm was inflicted on a human being [the victim]."

The circuit court sentenced the defendant to life imprisonment with no possibility of parole.

Years later, the defendant filed a motion for resentencing pursuant to *Graham v. Florida,* 560 U.S. 48 (2010), and *Miller v. Alabama,* 567 U.S. 460 (2012), which held mandatory life-without-parole sentences for juveniles violate the Eighth Amendment. The defendant argued he was entitled to resentencing on the first degree murder with a firearm conviction under section 775.082(1)(b)2., Florida Statutes (2018), which does not require a mandatory minimum sentence and provides for sentence review after fifteen years. The defendant argued he should not be resentenced under section 775.082(1)(b)1., Florida Statutes (2018), requiring a forty-year mandatory minimum sentence and providing for sentence review after twenty-five years, because the jury never found, under the first degree murder with a firearm conviction, that he "actually killed, attempted to kill, or intended to kill the victim" as section 775.082(1)(b)1. requires.

3

In response, the state argued the defendant should be resentenced under section 775.082(1)(b)1. because, on the robbery with a firearm conviction, the jury checked "yes" to the special interrogatory: "We find that as a result of the discharge of the firearm by [the defendant] . . . death or great bodily harm was inflicted on a human being [the victim]."

In reply, the defendant argued the state could not rely on the robbery with a firearm conviction's special interrogatory verdict because, pursuant to *State v. McKinnon*, 540 So. 2d 111, 113 (Fla. 1989), *receded from on other grounds by State v. Roberts*, 661 So. 2d 821 (Fla. 1995), "Conviction on one count in an information may not be used to enhance punishment for a conviction on another count."

After a hearing, the circuit court (a successor judge) denied the defendant's motion to be resentenced under section 775.082(1)(b)2., and instead found the defendant should be resentenced under section 775.082(1)(b)1. The circuit court reasoned, in pertinent part:

> Count One clearly delineates that count as First Degree Murder with a Firearm. The Indictment charges firearm possession ... and the Jury's response to the interrogatory question in Count Two re-enforces the Jury's finding that the Defendant discharged the firearm and caused the death of [the victim]. The finding is consistent with all the testimony and all the evidence in this case, and I find that any other finding just wouldn't make sense in this case.

The circuit court then sentenced the defendant on the first degree murder with a firearm conviction to the mandatory minimum forty years in prison with sentence review after twenty-five years. On the robbery with a firearm conviction, the circuit court sentenced the defendant to a concurrent forty years in prison with a ten-year mandatory minimum under the 10-20-Life statute. (The trial court could not sentence the defendant to the twenty-five year mandatory minimum on that conviction because the indictment on that count had not alleged the defendant discharged the firearm.)

### *This Appeal*

This appeal followed. The defendant argues the circuit court erred in resentencing him under section 775.082(1)(b)1. on the first degree murder conviction for two reasons: (1) the jury never specifically found he killed, attempted to kill, or intended to kill the victim, and (2) due to conflicting evidence about whether he or the other robber was the shooter, the record

4

does not demonstrate beyond a reasonable doubt that a rational jury would have found the defendant actually killed, intended to kill, or attempted to kill the victim. The defendant further argues that because the circuit court may have based the robbery conviction's forty-year sentence on the first degree murder conviction's mandatory minimum forty-year sentence, he is entitled to another resentencing on the robbery conviction as well.

Applying de novo review, we agree with the defendant's arguments. *See Levandoski v. State*, 217 So. 3d 215, 218 (Fla. 4th DCA 2017) ("Because a sentencing error involves a pure issue of law, this court's standard of review is *de novo*.").

Section 775.082(1), Florida Statutes (2018), provides in pertinent part:

> (b)1. *A person who actually killed, intended to kill, or attempted to kill the victim* and who is convicted under s. 782.04 of a capital felony, or an offense that was reclassified as a capital felony, which was committed before the person attained 18 years of age shall be punished by a term of imprisonment for life if, after a sentencing hearing conducted by the court in accordance with s. 921.1401, the court finds that life imprisonment is an appropriate sentence. *If the court finds that life imprisonment is not an appropriate sentence, such person shall be punished by a term of imprisonment of at least 40 years.* A person sentenced pursuant to this subparagraph is entitled to a review of his or her sentence in accordance with s. 921.1402(2)(a).
>
> 2. *A person who <u>did not</u> actually kill, intend to kill, or attempt to kill the victim* and who is convicted under s. 782.04 of a capital felony, or an offense that was reclassified as a capital felony, which was committed before the person attained 18 years of age may be punished by a term of imprisonment for life or by a term of years equal to life if, after a sentencing hearing conducted by the court in accordance with s. 921.1401, the court finds that life imprisonment is an appropriate sentence. A person who is sentenced to a term of imprisonment of more than 15 years is entitled to a review of his or her sentence in accordance with s. 921.1402(2)(c).

§ 775.082(1), Fla. Stat. (2018) (emphases added). Section 921.1402, Florida Statutes (2018), states, in pertinent part:

(2)(a)  A juvenile offender sentenced under s. 775.082(1)(b)1. is entitled to a review of his or her sentence after 25 years. However, a juvenile offender is not entitled to review if he or she has previously been convicted of one of the following offenses … [not applicable here]

....

(c)  A juvenile offender sentenced to a term of more than 15 years under s. 775.082(1)(b)2. … is entitled to a review of his or her sentence after 15 years.

§ 921.1402, Fla. Stat. (2018).

These statutes' Sixth Amendment implications were recently examined in *Williams v. State*, 242 So. 3d 280 (Fla. 2018).  There, a jury convicted the juvenile defendant of first degree murder and kidnapping, but the verdict form did not specify whether the murder conviction was for premeditated murder or felony murder.  *Id.* at 283.  During a resentencing, the trial court denied the defendant's request to impanel a jury to make the finding as to whether he actually killed, intended to kill, or attempted to kill the victim.  *Id.* at 285.  Rather, the trial court held its own hearing and found that the defendant both actually killed and intended to kill the victim.  *Id.*

On appeal, our supreme court held *Alleyne v. United States*, 570 U.S. 99 (2013), requires a jury to make the factual finding that a defendant "actually killed, intended to kill, or attempted to kill the victim" under section 775.082(1)(b)1.  *Williams*, 242 So. 3d at 286-89.  Without such a finding, "the trial court is not required to impose a minimum sentence" and the defendant is entitled to a sentence review in fifteen years rather than twenty-five years.  *Id.* at 288.  Thus, "a finding of actual killing, intent to kill, or attempt to kill aggravates the legally prescribed range of allowable sentences … by increasing the sentencing floor from zero to forty years and lengthening the time before which a juvenile is entitled to a sentence review from fifteen to twenty-five years."  *Id.* (internal citation and quotation marks omitted).

However, the *Williams* court also held an *Alleyne* error can be harmless.  *Id.* at 289.  As the court explained:

[T]he applicable question in evaluating whether an *Alleyne* violation is harmful with respect to section 775.082(1)(b) is whether the failure to have the jury make the finding as to

6

whether a juvenile offender actually killed, intended to kill, or attempted to kill the victim contributed to his sentence – stated differently, *whether the record demonstrates beyond a reasonable doubt that a rational jury would have found the juvenile offender actually killed, intended to kill, or attempted to kill the victim.*

*Id.* at 290 (emphasis added). Applying those holdings to the facts, the *Williams* court found the error was not harmless because the defendant "disputed both that he killed [the victim] and that he was a willing participant in the murder." *Id.* at 291.

*Williams* favors the defendant's arguments here. We acknowledge, as the circuit court recognized, the jury found the defendant guilty of "first degree murder (firearm), *as charged in the indictment*" (emphasis added), and the indictment alleged the defendant shot the victim. However, the trial court's ultimate jury instruction and verdict form did not limit the jury to the indictment's allegation that the defendant shot the victim. Instead, the trial court granted the state's request to instruct the jury that, on the first degree murder with a firearm count, the defendant could be found guilty in one of two ways: if the state had proven "[the defendant] was the person who actually killed [the victim] **or** [the victim] was killed by a person other than [the defendant] but both [the defendant] and the person who killed [the victim] were principals in the commission of robbery with a firearm or robbery." (emphasis added). Further, the verdict form did not ask the jury to choose between those two options. Thus, the jury did not specifically find the defendant "actually killed, intended to kill, or attempted to kill" the victim. *See Bienaime v. State*, 213 So. 3d 927, 929 (Fla. 4th DCA 2017) ("To pursue an enhanced mandatory sentence … the state must allege the grounds for enhancement in the charging document, *and the jury must make factual findings regarding those grounds.*") (emphasis added).

We also note the defendant, at trial, argued reasonable doubt existed as to whether he or the other robber actually fired the gun, relying on the victim's cousin's contradictory identification of the shorter man as the shooter on the night of the incident, but later identifying the defendant (the taller man) as the shooter from the photo arrays. Having reviewed the record as to that argument, we cannot say beyond a reasonable doubt that a rational jury would have found the defendant "actually killed, intended to kill, or attempted to kill" the victim, as section 775.082(1)(b)1. and *Williams* require.

7

Our conclusion is not affected by the jury having specifically found, on the robbery with a firearm conviction, that "as a result of the discharge of the firearm by the Defendant . . . death or great bodily harm was inflicted on [the victim]." We are required to follow our supreme court's holding in *McKinnon* that "[c]onviction on one count in an information may not be used to enhance punishment for a conviction on another count." 540 So. 2d at 113.

Based on the foregoing, the circuit court erred in relying on the first degree murder indictment and the robbery count's special interrogatory verdict to determine the jury found, or a rational jury would have found, the defendant "actually killed, intended to kill, or attempted to kill" the victim. This error was not harmless, as it required the circuit court to impose a forty-year mandatory minimum sentence, and lengthened the time of sentencing review from fifteen to twenty-five years under section 921.1402(2)(a).

Therefore, as required by our supreme court in *Williams*, we must reverse the circuit court's sentence on the first degree murder conviction under section 775.082(1)(b)1., and remand for resentencing on the first degree murder conviction under section 775.082(1)(b)2. *See Williams*, 242 So. 3d at 292-93 ("[R]esentencing [under section 775.082(1)(b)2.] is the appropriate remedy for an *Alleyne* violation that is not harmless.").

We also must reverse the circuit court's concurrent forty-year sentence on the robbery with a firearm conviction, and remand for resentencing. The robbery with a firearm conviction carries only a ten-year mandatory minimum under the 10-20-Life Statute, and nothing in the record conclusively shows the circuit court would have sentenced the defendant to a concurrent forty years on the robbery conviction but for its belief a forty-year mandatory minimum sentence was required on the first degree murder conviction.

We note the preservation grounds upon which the state sought affirmance lack merit, without further discussion. We also note the other argument upon which the defendant sought reversal is moot, without further discussion.

*Reversed and remanded for resentencing consistent with this opinion.*

GROSS and FORST, JJ., concur.

\*        \*        \*

8

*Not final until disposition of timely filed motion for rehearing.*