805 So.2d 956 (2001)
Cedric A. LEATH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-1321.
District Court of Appeal of Florida, Second District.
November 21, 2001.
SILBERMAN, Judge.
Cedric Leath challenges the denial of his motion to correct illegal sentence. His motion was filed pursuant to Florida Rule of Criminal Procedure 3.800(a) and raised claims concerning double jeopardy and minimum mandatory sentences. We affirm the trial court's denial of Leath's double jeopardy claim without comment, and we affirm the trial court's denial of Leath's claim as to the minimum mandatory sentences that were imposed in two cases. Because the minimum mandatory sentence may have been illegally imposed in trial court case number 94-4453, we reverse and remand for further proceedings.
Leath alleged that he was convicted of armed robbery with a firearm in several cases. He claimed that because he was *957 not in actual possession of a firearm in trial court case numbers 94-4453, 94-5647, and 95-0242, the imposition of three-year minimum mandatory sentences for possession of a firearm pursuant to section 775.087(2), Florida Statutes (1993), was illegal in those cases.
Concerning case numbers 94-5647 and 95-0242, Leath did not allege that his claim could be determined from the face of the record. Therefore, the claim was facially insufficient and properly denied. Fla. R.Crim. P. 3.800(a); see State v. Mancino, 705 So.2d 1379 (Fla.1998).
As to case number 94-4453, Leath made two arguments in his motion. First, he asserted that there was no factual basis shown in support of the minimum mandatory sentence for possession of a firearm. The trial court properly denied relief as to that issue because it was not cognizable under rule 3.800. Mancino, 705 So.2d at 1381. Second, Leath attached a copy of the information to his motion and argued that the information did not allege the firearm was in his possession; rather, the information alleged that the firearm was in the possession of Leath's codefendant. It is this argument which requires reversal.
In order for the three-year minimum mandatory sentence for possession of a firearm to apply pursuant to section 775.087(2), Florida Statutes (1993), the State must allege in the information that the defendant possessed a firearm. Peck v. State, 425 So.2d 664, 665 (Fla. 2d DCA 1983). As noted in Helmick v. State, 569 So.2d 869, 870 (Fla. 2d DCA 1990), "[i]t is fundamental error to enhance convictions for the use of a firearm when the information does not charge the use of a firearm." Moreover, a conviction on a charge not contained in the information is a due process violation that may be raised at any time. See State v. Gray, 435 So.2d 816, 818 (Fla.1983); Fulcher v. State, 766 So.2d 243, 244 (Fla. 4th DCA 2000).
Leath's claim that the minimum mandatory sentence was imposed illegally in case number 94-4453 because the information in that case did not charge him with possessing a firearm is cognizable in a motion to correct illegal sentence. See Cora v. State, 640 So.2d 1179, 1180 (Fla. 2d DCA 1994). Therefore, we reverse the summary denial of his motion as to case number 94-4453 and remand for further proceedings. If the trial court again denies the claim, it shall attach those portions of the record that conclusively refute the claim. We affirm the order of the trial court in all other respects.
Affirmed in part, reversed in part, and remanded.
ALTENBERND, A.C.J., and SALCINES, J., Concur.