CASANUEVA, Judge.
Marilyn Holmes Herndon challenges the trial court’s order dismissing her motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse the trial court’s order and remand for further proceedings.
In her motion, Herndon alleged that she pleaded to trafficking in methamphetamine. She further alleged that the seven-year mandatory minimum term of imprisonment imposed by the trial court is illegal based on our opinion in Taylor v. State, 818 So.2d 544 (Fla. 2d DCA), review dismissed, 821 So.2d 302 (Fla.2002). A claim that a mandatory minimum sentence was illegally imposed is cognizable in a rule 3.800(a) motion where the error is apparent on the face of the record. See Sims v. State, 838 So.2d 658 (Fla. 2d DCA 2003); Leath v. State, 805 So.2d 956 (Fla. 2d DCA 2001).
Taylor held that chapter 99-188, Laws of Florida, which provided for the imposition of mandatory minimum prison sentences for certain drug offenses, is unconstitutional because it violates the single subject rule of the Florida Constitution. In 2002, the legislature enacted chapters 02-208, 02-209, 02-210, 02-211 and 02-212, Laws of Florida, which reenacted the provisions originally contained in chapter 99-188. The legislature intended that the reenactment be retroactive to July 1, 1999. See Green v. State, 839 So.2d 748 (Fla. 2d DCA 2003). However, in Green, this court held that the reenactment of the sentencing provisions of chapter 99-188 cannot be applied retroactively because this would violate the Ex Post Facto Clauses of the United States and Florida Constitutions.
Herndon alleged that she committed the offense of trafficking in methamphetamine within the Taylor window. See Green, 839 So.2d at 750 n. 1. She has therefore presented a facially sufficient claim. See Sims, 838 So.2d 658. The trial court dismissed Herndon’s motion without prejudice to Herndon’s refiling it following review of Taylor in the Florida Supreme Court. However, on May 29, 2002, prior to the issuance of the trial court’s order, the State filed a voluntary dismissal of its petition for review. See State v. Taylor, 821 So.2d 302 (Fla.2002) (table). We therefore reverse the order of the trial court and remand for further consideration of Herndon’s claim. If Herndon is correct that the trial court imposed a seven-year mandatory minimum for trafficking in methamphetamine where the offense was committed within the Taylor window, the trial court shall resentence her under the 1997 version of the statute. See Green, 839 So.2d 748. We certify conflict with the Fourth and Fifth District cases with which we disagreed in Green.
Reversed and remanded with instructions.
NORTHCUTT and STRINGER, JJ., Concur.