CASANUEVA, Judge.
Joe Alan Golan challenges the order of the trial court dismissing his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse the trial court’s order and remand for further proceedings.
In his motion, Golan alleged that he pleaded to trafficking in amphetamine. He further alleged that the three-year mandatory minimum term of imprisonment imposed by the trial court is illegal based on our opinion in Taylor v. State, 818 So.2d 544 (Fla. 2d DCA), review dismissed, 821 So.2d 302 (Fla.2002). A claim that a mandatory minimum sentence was illegally imposed is cognizable in a rule 3.800(a) motion where the error is apparent on the face of the record. See Sims v. State, 838 So.2d 658 (Fla. 2d DCA 2003); Leath v. State, 805 So.2d 956 (Fla. 2d DCA 2001).
Taylor held that chapter 99-188, Laws of Florida, which provided for the imposition of mandatory minimum prison sentences for certain drug offenses, is unconstitutional because it violates the single subject rule of the Florida Constitution. In 2002, the legislature enacted chapters 02-208, 02-209, 02-210, 02-211 and 02-212, Laws of Florida which reenacted the provisions originally contained in chapter 99-188. The reenactment was retroactive to July 1, 1999. See Green v. State, 839 So.2d 748 (Fla. 2d DCA 2003). In Green, this court held that the reenactment of the sentencing provisions of chapter 99-188 cannot be applied retroactively because this would violate the Ex Post Facto Clauses of the United States and Florida Constitutions.
Golan alleged that he committed the offense of trafficking in amphetamine within the Taylor window. See Green, 839 So.2d at 750 n. 1. Therefore, Golan has presented a facially sufficient claim for relief. See Sims, 838 So.2d 658. The trial court dismissed Golan’s motion without prejudice to refile pending review of Taylor in the Florida Supreme Court. However, on May 29, 2002, prior to the issuance of the trial court’s order, the State filed a voluntary dismissal of its petition for review. See State v. Taylor, 821 So.2d 302 (Fla.2002) (table).
Therefore, we reverse the order of the trial court and remand for further consideration of Golan’s claim. If Golan is correct that the trial court imposed a three-year mandatory minimum for trafficking in amphetamine where the offense was committed within the Taylor window, the trial court shall resentence him under the 1997 version of the statute. See Green, 839 *349 So.2d 748. We certify conflict with the Fourth and Fifth District cases with which we disagreed in Green.
Reversed and remanded with instructions.
WHATLEY and SALCINES, JJ., Concur.