876 So.2d 712 (2004)
Charles BELL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-4431.
District Court of Appeal of Florida, Fourth District.
June 30, 2004.
*713 Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Charles Bell appeals the denial of his motion to correct an illegal sentence under Florida Rule of Criminal Procedure 3.800(a). We reverse and remand to the circuit court for resentencing.
Bell was charged with attempted first degree murder. The information alleged that Bell attempted to kill Clifford Wheeler, "and in the course of the commission of the attempted murder possessed, used, or attempted to use a firearm in violation of Florida Statute 775.087, 782.04(1)(a) and 777.04."
A jury found Bell guilty of the lesser offense of attempted second degree murder with a firearm. The jury also found that Bell had discharged the firearm. Because of this last finding, the trial judge sentenced Bell to a mandatory minimum period of twenty years consistent with section 775.087(2)(a)2., Florida Statutes (2002).
In his motion, Bell argued that he should not have received the twenty-year mandatory minimum sentence, in that the information did not allege that he "discharged" the firearm.
*714 Bell raised this issue in his direct appeal. This court affirmed the conviction and sentence without opinion. See Bell v. State, 834 So.2d 177 (Fla. 4th DCA 2002). Eight days later, we decided Altieri v. State, 835 So.2d 1181 (Fla. 4th DCA 2002), which is directly on point. Applying a procedural bar to deny Bell relief would work a manifest injustice, in that two cases presenting the identical sentencing issue were decided differently by the same court within days of each other. In State v. McBride, 848 So.2d 287 (Fla.2003), the supreme court determined that a successive rule 3.800(a) motion should not be barred, based on collateral estoppel, when invoking that principle "would result in a manifest injustice." Id. at 292.
Based on Altieri, we reverse the mandatory minimum sentence and remand to the trial court for resentencing under section 775.087(2)(a)1. The jury's finding that Bell discharged a firearm satisfies the requirement that he "possessed" it within the meaning of section 775.087(2)(a)1., a factor contained in the charging document.
KLEIN, GROSS and HAZOURI, JJ., concur.