949 So.2d 373 (2007)
Thaddeus SIMMS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-4055.
District Court of Appeal of Florida, Fourth District.
March 7, 2007.
*374 Thaddeus Simms, Okeechobee, pro se.
Bill McCollum, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Thaddeus Simms (Defendant) appeals the summary denial of his motion to correct illegal sentence, filed pursuant to rule 3.800(a), Florida Rules of Criminal Procedure. The sole issue which he argues on appeal is that the trial court erred in imposing the twenty-five year firearm mandatory minimum pursuant to section 775.087(2), Florida Statutes, where the charging information did not allege that he discharged a firearm, resulting in death or great bodily harm. We affirm in part and reverse in part.
Following a jury trial, Defendant was found guilty of (I) second degree murder with a firearm as to one victim and (II) aggravated battery with a firearm as to a second victim. Evidence was presented that he shot both victims, and the jury's verdict specifically found that he discharged the firearm, as to both counts. His sentence for each count included the twenty-five year firearm minimum mandatory term of imprisonment pursuant to section 775.087(2).
In the instant motion, Defendant argued that "discharge" of the firearm was not charged with respect to either count. He attached to his motion a copy of the amended information. It charged the following in count I:
That THADDEUS SIMMS . . . did unlawfully kill ROGER PEAVY, a human being, by shooting him, said act being imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual and in the commission of said offense did use and have in his possession a revolver, a firearm as defined in Florida Statute 790.001(6), contrary to Florida Statute 782.04(2) and 775.087(1)(2). (LIFE FELONY)
(Emphasis added.) The following was charged in count II:
THADDEUS SIMMS . . . while in possession of a firearm, did actually and intentionally touch or strike FREDERICK THOMAS against the will of FREDERICK THOMAS, and in doing so used a revolver, a firearm and deadly weapon, contrary to Florida Statutes *375 784.045(1)(a)2 and 775.087(2). (2 DEG FEL)
(Emphasis added.)
When it can be determined from the face of the record that the firearm minimum mandatory could not legally be imposed, its imposition may be corrected by a rule 3.800(a) motion. See Bell v. State, 876 So.2d 712 (Fla. 4th DCA 2004); Mobley v. State, 939 So.2d 213 (Fla. 1st DCA 2006); Adams v. State, 916 So.2d 36 (Fla. 2d DCA 2005); Whitehead v. State, 884 So.2d 139 (Fla. 2d DCA 2004).
We find there was no merit to Defendant's argument as it pertains to the first count, in which he was charged with killing the victim by shooting him with a revolver. See Brazill v. State, 845 So.2d 282 (Fla. 4th DCA 2003) (finding "discharge" of firearm was inherent in jury verdict that defendant carried and fired firearm in committing second degree murder), rev. denied, 876 So.2d 561 (Fla.2004); Amos v. State, 833 So.2d 841, 842 (Fla. 4th DCA 2002) ("Because the information accused Amos of `shooting JOHN MILLION with a firearm' and the verdict specifically refers to the information, and because Amos was convicted of aggravated battery with a firearm, the finding that Amos discharged a weapon is inherent in the jury's verdict."). The allegation of discharge of the firearm was inherent in the language of the charging document.
However, the language charging a firearm enhancement as to one count cannot be used to justify the application of the enhancement to a different count. State v. McKinnon, 540 So.2d 111 (Fla.1989), receded from on other grounds by State v. Roberts, 661 So.2d 821 (Fla.1995); Bryant v. State, 744 So.2d 1225, 1226 (Fla. 4th DCA 1999).
In response to this court's order to show cause, the state properly concedes that because no language was included in count II of the amended information charging that Defendant discharged the firearm, he could not legally be sentenced to the twenty-five year mandatory minimum for discharge of a firearm as to that count. See Altieri v. State, 835 So.2d 1181 (Fla. 4th DCA 2002) (reversing imposition of twenty-year mandatory minimum for discharging a firearm during offense because information did not charge that defendant discharged a firearm during commission of the offense, aggravated assault with a firearm, only that he used a deadly weapon in the process of committing the offense; however, allegation was sufficient to place defendant on notice that he was charged subject to three-year mandatory minimum for possession of firearm); Daniel v. State, 935 So.2d 1240 (Fla. 2d DCA 2006) (reversing twenty-five year minimum mandatory sentencing where state failed to allege in information that defendant discharged firearm and that death or great bodily harm resulted; remanding for imposition of ten-year minimum mandatory for possession of firearm during enumerated felony).
Accordingly, the trial court's order of summary denial is affirmed as to count I, reversed as to count II, and remanded for further proceedings.
GUNTHER, POLEN and HAZOURI, JJ., concur.