970 So.2d 452 (2007)
Dwayne FILLMORE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-1444.
District Court of Appeal of Florida, Fourth District.
December 5, 2007.
Dwayne Fillmore, Bowling Green, pro se.
Bill McCollum, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Defendant appeals an order summarily denying his rule 3.800(a) motion to correct illegal sentence, contending that he should not have been given a mandatory minimum three years for possession of a firearm. We reverse.
Defendant was found guilty of second degree murder with a firearm as well as attempted second degree murder with a firearm, and received lengthy sentences with a three-year mandatory minimum for possession of a firearm. Although defendant's direct appeal was affirmed without opinion in 1997, he could still benefit from elimination of the mandatory minimum as to gain time, because gain time does not accrue during the serving of a mandatory minimum sentence. § 775.087(2)(a); Young v. State, 638 So.2d 532 (Fla. 2d DCA 1994) (noting challenge to consecutive nature of mandatory minimum terms was not moot, though terms had been fully served, because of possible effect of gain time).
Defendant alleges that his three-year mandatory minimum was improper because the co-defendant was the shooter and defendant only drove the vehicle and did not possess a gun. With respect to each count, the verdict asked the jury, if it found defendant was guilty of that count, to determine "did he carry, display, threaten to use, or attempt to use a firearm during the commission of that crime?". The jury checked "yes" as to each count. *453 This language was taken from section 775.087(1), Florida Statutes, which provides for enhancement of the level of the felony.
Defendant's argument is grounded on section 775.087(2), Florida Statutes (1993), which provides for the three-year mandatory minimum for a defendant convicted of offenses including murder and attempted murder who has "in his possession a firearm." He alleges that he was found by the jury to have carried, displayed, etc. a firearm based only on the principal theory, which is not sufficient to impose a minimum mandatory sentence. McGill v. State, 878 So.2d 1270 (Fla. 5th DCA 2004) (reversing firearm minimum mandatory on direct appeal); Freeny v. State, 621 So.2d 505 (Fla. 5th DCA 1993).
The trial court summarily denied the motion on the authority of State v. Mancino, 705 So.2d 1379 (Fla.1998); however, Mancino is distinguishable from the present case. In Mancino the mandatory minimum for possession of a firearm was imposed on a sentence resulting from a plea, and the legality of that sentence could have been determined only after an evidentiary hearing, which was not available on Mancino's rule 3.800(a) motion. In the present case, in which the sentences were imposed following a trial, defendant alleges that the trial transcript shows that it was undisputed that he did not possess a firearm. We accordingly reverse.
STONE and TAYLOR, JJ., concur.