*1173
 
 PER CURIAM.
 

 Jeanson Jacques appeals the denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence. We affirm but for reasons other than those given in the state’s response which was adopted by the trial court as the basis for denial.
 

 In 1999, Jacques, and a co-defendant, were charged with attempted first degree murder with a firearm. In May 2000, Jacques waived his right to jury trial and was convicted after a bench trial of the lesser offense of attempted second degree murder with a firearm. He was sentenced to fifteen years in prison with a three-year mandatory minimum term for possession of a firearm during the offense. § 775.087(2), Fla. Stat. (1997). In the instant motion Jacques argued that the three-year mandatory minimum term could not be imposed because the information charged both Jacques and the co-defendant with the offense and did not specifically allege that Jacques actually possessed a firearm. The trial court agreed with the state that this issue could not be raised in a rule 8.800(a) motion.
 

 Contrary to the state’s argument, a claim that a mandatory minimum term could not be imposed can be raised in a rule 3.800(a) motion if the issue can be determined from the face of the record without the need for an evidentiary hearing.
 
 Fillmore v. State,
 
 970 So.2d 452, 453 (Fla. 4th DCA 2007);
 
 Simms v. State,
 
 949 So.2d 373, 375 (Fla. 4th DCA 2007).
 
 See also Leath v. State,
 
 805 So.2d 956 (Fla. 2d DCA 2001) (finding that claim alleging an improper mandatory minimum sentence for possession of a firearm could be raised in rule 3.800(a) motion where the information charged that the co-defendant,
 
 not the movant,
 
 had possessed the firearm).
 

 The claim in this case, however, is without merit, and we affirm. At the time of the bench trial in this case, the law provided that, even where the use of a firearm is uncontested, to impose the mandatory minimum, the jury must make a specific factual finding that defendant actually possessed a firearm.
 
 State v. Hargrove,
 
 694 So.2d 729 (Fla.1997). In
 
 Galindez v. State,
 
 955 So.2d 517 (Fla.2007), however, the Florida Supreme Court found that errors under
 
 Apprendi v. New Jersey,
 
 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), can be harmless and that prior decisions suggesting otherwise, including
 
 Hargrove,
 
 had been superseded.
 
 Id.
 
 at 523 (noting that
 
 State v. Overfelt,
 
 457 So.2d 1385, 1387 (Fla.1984), was also superseded in this regard).
 

 In this case, the evidence at the bench trial was that Jacques was the shooter and the co-defendant was the driver. The state did not proceed under a principal theory, and the victim identified Jacques, a person he had known before, as the person who shot him. At trial, no evidence was presented to suggest that Jacques was anyone other than the shooter. The trial court judge, as the finder of fact in this case, found Jacques guilty and imposed the mandatory minimum term for actual possession of a firearm.
 

 Because this was a bench trial, and the judge found Jacques guilty, the failure of the verdict to contain a more specific finding that Jacques actually possessed a firearm is harmless.
 
 Hargrove,
 
 like
 
 Ap-prendi
 
 and
 
 Overfelt,
 
 was based on the constitutional right to have a jury determine beyond a reasonable doubt facts used to enhance a sentence. By waiving the right to jury trial, and opting for a bench trial, Jacques waived the right to have the question of whether he actually possessed a firearm determined by a jury.
 
 See Jones v. Hulick,
 
 449 F.3d 784, 791 (7th Cir.2006) (finding that
 
 Apprendi
 
 claim was
 
 *1174
 
 without merit where defendant waived jury in opting for bench trial and judge found the facts necessary to support the sentence).
 
 See also Blakely v. Washington,
 
 542 U.S. 296, 310, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) (explaining that a defendant can waive
 
 Apprendi
 
 rights and consent to judicial fact finding).
 

 Although not expressly stated in the judge’s verdict, the judge found that the state had proven beyond a reasonable doubt that Jacques possessed a firearm and shot the victim. The judge’s failure to make an express finding can be harmless under
 
 Galindez,
 
 and such being the case, Jacques does not establish that he received an “illegal sentence,” i.e.,
 
 “a kind of punishment that no judge under the entire body of sentencing statutes can possibly inflict under any set of factual circumstances.” Carter v. State,
 
 786 So.2d 1173,
 
 1178
 
 (Fla.2001).
 

 WARNER, FARMER and HAZOURI, JJ., concur.